IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TINA MOORE, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THE ESTATE OF JASON MOORE, | ) | |
| by its Personal Representative, Tina Moore, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.  4:14-CV-1443 |
| vs. | ) | |
| | ) | |
| FERGUSON POLICE DEPARTMENT | ) | |
| | ) | |
| **Serve:        Col. Thomas Jackson, Chief** | ) | |
| **222 S. Florissant Rd.** | ) | |
| **Ferguson, MO 63135** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| COLONEL THOMAS JACKSON, in his official | ) | JURY TRIAL DEMANDED |
| capacity as The Chief of Police of the Ferguson | ) | |
| Police Department, | ) | |
| | ) | |
| **Serve:  222 S. Florissant Rd.** | ) | |
| **Ferguson, MO 63135** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BRIAN KAMINSKI, DSN 586, | ) | |
| in his official capacity as an officer of the | ) | |
| Ferguson Police Department and individually, | ) | |
| | ) | |
| **Serve:  222 S. Florissant Rd.** | ) | |
| **Ferguson, MO 63135** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MICHAEL WHITE, DSN 560, | ) | |
| in his official capacity as an officer of the | ) | |
| Ferguson Police Department and individually, | ) | |
| | ) | |

1

   **Serve:  222 S. Florissant Rd.**       )
      **Ferguson, MO 63135**      )
                   )
and                   )
                   )
THE CITY OF FERGUSON, MISSOURI     )
                   )
   **Serve: Hon. James Knowles III, Mayor**  )
      **110 Church St.**        )
      **Ferguson, MO 63135**      )
                   )
and                   )
                   )
HONORABLE JAMES KNOWLES III, in his   )
official capacity as Mayor of the City of Ferguson,  )
                   )
   **Serve:  110 Church St.**       )
      **Ferguson, MO 63135**      )
                   )
and                   )
                   )
MARK J. BYRNE, in his official capacity    )
as council member of the City of Ferguson,    )
                   )
   **Serve:  110 Church St.**       )
      **Ferguson, MO 63135**      )
                   )
and                   )
                   )
KIM TIHEN, in her official capacity as    )
council member of the City of Ferguson,     )
                   )
   **Serve:  110 Church St.**       )
      **Ferguson, MO 63135**      )
                   )
and                   )
                   )
DWAYNE T. JAMES, in his official capacity   )
as council member of the City of Ferguson,    )
                   )
   **Serve:  110 Church St.**       )
      **Ferguson, MO 63135**      )
                   )
and                   )
                   )
TIM LARSON, in his official capacity     )

2

as council member of the City of Ferguson,                    )
                                                              )
    **Serve:  110 Church St.**                            )
           **Ferguson, MO 63135**                   )
                                                              )
and                                                           )
                                                              )
DAVID CONWAY, in his official capacity                        )
as council member of the City of Ferguson,                    )
                                                              )
    **Serve:  110 Church St.**                            )
           **Ferguson, MO 63135**                   )
                                                              )
and                                                           )
                                                              )
KEITH KALLSTROM, in his official                              )
capacity as council member of the City of Ferguson,           )
                                                              )
    **Serve:  110 Church St.**                            )
           **Ferguson, MO 63135**                   )
                                                              )
          Defendants.                           )

## COMPLAINT

**COME NOW** Plaintiffs and for their cause of action against Defendants, jointly and severally, states as follows:

## PARTIES

1.      Plaintiff Tina Moore was the wife of Jason Moore, deceased, and  is a resident and citizen of the City of Ferguson, Missouri, and she brings this action pursuant to 42 USC § 1983 et. seq. and § 537.080 RSMo.  Plaintiff brings this action on behalf of herself and all others as defined in § 537.080.1(1) RSMo.

2.      Plaintiff the Estate of Jason Moore, per application for letters testamentary pursuant to § 537.021 R.S.Mo., brings this action by its Personal Representative Tina Moore.

3.      Defendant Ferguson Police Department is a governmental entity created by and established under the laws and Constitution of the State of Missouri. At all times relevant hereto

3

Ferguson Police Department acted through its agents and employees Defendants Jackson, Kaminski and White, and other unknown members of the Ferguson Police Department.

4.      Defendant Colonel Thomas Jackson is a Missouri resident and at all relevant times was the Chief of Police of the Ferguson Police Department.

5.      Defendant Brian Kaminski is a Missouri resident and at all relevant times was an officer of the Ferguson Police Department.

6.      Defendant Michael White is a Missouri resident and at all relevant times was an officer with the Ferguson Police Department.

7.      Defendant City of Ferguson, Missouri is a governmental entity created by and established under the laws and Constitution of the State of Missouri. At all times relevant hereto the City of Ferguson acted through its agents and employees, including members of the Ferguson Police Department and Defendants Jackson, Kaminski, White, Knowles, Byrne, Tihen, James, Larson, Conway and Kallstrom.

8.      Defendant Honorable James Knowles III is a resident and citizen of the State of Missouri.  At all times herein Defendant Honorable James Knowles III was acting in his official capacity as Mayor of the City of Ferguson.

9.      Defendant Mark J. Byrne is a resident and citizen of the State of Missouri.  At all times herein Defendant Mark J. Byrne was acting in his official capacity as council member of the City of Ferguson.

10.      Defendant Kim Tihen is a resident and citizen of the State of Missouri.  At all times herein Defendant Kim Tihen was acting in her official capacity as council member of the City of Ferguson.

4

11.     Defendant Dwayne T. James is a resident and citizen of the State of Missouri.  At all times herein Defendant Dwayne T. James was acting in his official capacity as council member of the City of Ferguson.

12.     Defendant Tim Larson is a resident and citizen of the State of Missouri.  At all times herein Defendant Tim Larson was acting in his official capacity as council member of the City of Ferguson.

13.     Defendant David Conway is a resident and citizen of the State of Missouri.  At all times herein Defendant David Conway was acting in his official capacity as council member of the City of Ferguson.

14.     Defendant Keith Kallstrom is a resident and citizen of the State of Missouri.  At all times herein Defendant Keith Kallstrom was acting in his official capacity as council member of the City of Ferguson.

15.     At all relevant times Defendant Honorable James Knowles III, acting in his official capacity as Mayor of the City of Ferguson, Defendants Mark J. Byrne, Kim Tihen, Dwayne James, Tim Larson, David Conway, Keith Kallstrom, acting in their official capacities as council members of the City of Ferguson, and Defendant Colonel Thomas Jackson, acting in his official capacity as The Chief of Police of the Ferguson Police Department, controlled all relevant activities, policies, rules, customs and training of the Ferguson Police Department. At all times relevant hereto Defendants Ferguson Police Department and the City of Ferguson, under the control of Defendants James Knowles III, Mark J. Byrney, Kim Tihen, Dwayne James, Tim Larson, David Conway, Keith Kallstrom and Colonel Thomas Jackson, acted through their agents and employees Defendants Brian Kaminski and Michael White and other unknown members of the Ferguson Police Department.

5

## JURISDICTION

16.     Plaintiffs bring this action for damages and wrongful death arising from the violation of Plaintiff's decedent, Jason Moore's civil rights, pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1985, which provide for this Court's jurisdiction under 28 U.S.C. §1331 and 28 U.S.C. §1343.   Pursuant to Title 28 U.S.C. §§2201 and 2202, this Court has jurisdiction to declare the rights of the parties and to grant all further relief found necessary and proper. Plaintiffs hereby request supplemental jurisdiction of their state law claims pursuant to 28 U.S.C. §1367.

## ALLEGATIONS COMMON TO ALL COUNTS

17.     This is a civil action seeking damages against defendants Officers Brian Kaminski and Michael White, and the Chief of Police, defendant Colonel Thomas Jackson, the Mayor of the City of Ferguson, Honorable James Knowles III, and the council members for the City of Ferguson, defendants Mark Byrne, Kim Tihen, Dwayne James, Tim Larson, David Conway, and Keith Kallstrom, acting in their official capacities, for the acts of Officers Kaminski and White, under color of state law, which deprived Jason Moore of rights secured to him under the Constitution of the United States of America and the laws of the United States, including the right to be free from the excessive use of force under the Fourth and Fourteenth Amendments to the United States Constitution.

18.     Each and all of the acts of defendants Officer Kaminski and Officer White, as well as the acts of other police officers, agents and employees of the Ferguson Police Department, were made under color and pretense of the statutes of the State of Missouri and the regulations, practices, customs, policies and usages of the Ferguson Police Department.

19.     On September 17, 2011, Officer Kaminski, Officer White and other officers responded to a 911 call and arrived at the scene at or near N. Marguerite at Airport Rd, Ferguson,

Missouri.  On information and belief, Officer Kaminski was the first to arrive on the scene where he observed Jason Moore, naked, walk from behind a building and stand at the curb of Airport Rd.

20.      Decedent, Jason Moore, had no weapons and did not pose a serious threat of harm or bodily injury. Defendant was suffering from a psychological disorder and demonstrated clear signs of mental illness.

21.      After exiting his patrol vehicle, Officer Kaminski instructed Jason Moore to put his hands in the air and to walk his way. When Jason Moore approached Kaminski, Kaminski drew his X26 Taser and fired it at Jason Moore, with one prong striking Moore in the left side of his chest near the heart, and the other prong striking him in the right thigh. Officer Kaminski then tasered Jason Moore at least three separate times.

22.      Officer White arrived during the tasing of Jason Moore, and restrained Moore physically while he was being tasered by Officer Kaminski.

23.      While Jason Moore was being restrained and repeatedly tasered he stopped breathing and became unresponsive.  As a result of the use of excessive force as described above, Jason Moore suffered excruciating pain and suffered a cardiac arrest resulting in death.

## COUNT I

### PLAINTIFFS' CAUSE OF ACTION
### AGAINST DEFENDANT POLICE OFFICERS KAMINSKI AND WHITE FOR
### EXCESSIVE FORCE COGNIZABLE UNDER 42 U.S.C. § 1983

**COME NOW** Plaintiffs and for their cause of action against Defendants Kaminski and White for excessive force states as follows:

24.      Plaintiffs herewith adopt by reference paragraphs 1 through 23 of this Complaint the same as if fully herein set forth.

7

25.     Acting in their official capacities, under color of state law and within the course and scope of their employment as police officers, and without just cause or provocation, Officer Kaminski, with the assistance of Officer White, assaulted and battered Jason Moore by tasering him multiple times. The tasering and subsequent restraint of Jason Moore constituted a seizure of his person through the application of force under the Fourth Amendment to the United States Constitution.

26.     Defendant Officer Kaminski's use of force was not objectively reasonable in that defendant Officer Kaminski used more force than a reasonable police officer at the scene would have used under the circumstances. Defendant Officer Kaminski's use of force was not objectively reasonable and was excessive in that there was no need to taser Jason Moore; and if there were a need to taser Jason Moore, there was no need to taser him multiple times, taser him in the chest, or to continue to taser him after he had been restrained by Officer White. Rather than applying the appropriate level of force required to restrain Jason Moore, Officer Kaminski, with the assistance of Officer White, instead tasered Jason Moore until he became unresponsive and died. Officers Kaminski and White lacked probable cause to continue to apply the taser at a time when Moore did not pose an immediate threat to the officers or others. Furthermore, Officer Kaminski used the taser in an effort to obtain 'pain compliance' from Jason Moore rather than pursuing other, feasible means of restraint.

27.     There was no need for the officers' excessive use of force in continuing to taser Jason Moore in order to preserve the peace, maintain order or to overcome any resistance to authority by Jason Moore. Furthermore, and on information and belief, if the officers had employed alternative techniques appropriate to mentally ill subjects, as opposed to criminal subjects, they could have avoided the use of the taser device entirely.

28.     As a direct result of Officer Kaminski and White's unlawful actions and excessive force in tasering and restraining Jason Moore, which was performed under color of state law, Jason Moore suffered grievous bodily harm, pain, suffering, fear and death and was deprived of his right to be free from the unreasonable seizure of his person and the use of excessive force in violation of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States of America and 42 U.S.C. § 1983.

29.     The acts of Officers Kaminski and White as set forth above were intentional, wanton, malicious, evil and oppressive, or exhibited a reckless indifference to the federally protected rights of plaintiff's decedent, thus entitling plaintiffs to an award of punitive damages against Officers Kaminski and White in order to punish Officers Kaminski and White and to deter them and others similarly situated from like conduct in the future.

30.     Plaintiffs also seek an award of attorney's fees and costs pursuant to 42 U.S.C. § 1983.

WHEREFORE, Plaintiffs pray judgment against Officers Kaminski and White for all damages in this action recoverable under 42 U.S.C. § 1983 and § 537.090 R.S.Mo., including pecuniary and compensatory damages in an amount which is fair and reasonable, for punitive damages in order to punish Officers Kaminski and White and to deter them and others similarly situated from like conduct in the future and for the costs of this action, her attorney's fees, and for such other and further relief as the Court deems proper under the circumstances.

## COUNT II

**PLAINTIFF TINA MOORE'S CAUSE OF ACTION FOR FAILURE TO INSTRUCT, SUPERVISE, CONTROL OR DISCIPLINE AGAINST DEFENDANTS COLONEL THOMAS JACKSON, HONORABLE JAMES KNOWLES III, MARK J. BYRNE, KIM TIHEN, DWAYNE T. JAMES, TIM LARSON, DAVID CONWAY, AND KEITH KALLSTROM**

**COME NOW** Plaintiffs and for their cause of action against Defendants Colonel Thomas Jackson, Honorable James Knowles, III, Mark J. Byrne, Kim Tihen, Dwayne T. James, Tim Larson, David Conway and Keith Kallstrom in their official capacities, states as follows:

31.     Plaintiffs herewith adopt by reference paragraphs 1 through 30 of this Complaint the same as if fully set forth herein.

32.     Defendants City of Ferguson; Colonel Thomas Jackson as Chief of Police of the Ferguson Police Department; the Honorable James Knowles III as Mayor of the City of Ferguson, and council members Mark J. Byrne, Kim Tihen, Dwayne T. James, Tim Larson, David Conway, and Keith Kallstrom have exclusive management and control of the policies and practices of the Ferguson Police Department regarding the use of force, including the method and manner of using taser devices, and are responsible for insuring that members of the Ferguson Police Department otherwise conduct themselves in a lawful manner in undertaking and performing their duties.  Said defendants are vested with the authority to establish policies or customs, practices and usages of the Ferguson Police Department through training, supervision, discipline and otherwise controlling the officers of the Ferguson Police Department.

33.      Said defendants violated Jason Moore's rights by custom and practice of failing to train, instruct, supervise, control and discipline the police officers of the Ferguson Police Department in the use of force, including with regard to following:

(a)     Employing appropriate levels of force and avoiding the use of excessive force;

(b)     Using the least intrusive means of force necessary and avoiding escalation of encounters with citizens which create or cause the need for officers to use force or to use more force than otherwise would have been required;

(c)     The appropriate use of taser devices, including, *inter alia*, avoiding repeated or sustained applications of the taser device; avoiding targeting the taser device at the chest near the heart; avoiding use of the taser as a means of pain compliance; and using alternative methods of force where there is no risk of immediate harm and/or where the taser device is not effective; or

(d)     Identifying individuals who are suffering from mental illness and employing different techniques, methods and levels of force with regard to such individuals.

34.     The use of force, including with regard to use of the TASER device and with regard to the use of force on citizens including mentally ill subjects, is a recurring situation such that it was foreseeable that the officers of the Ferguson Police Department would require proper and adequate training, supervision and discipline. The violation of the federal right of individuals such as Jason Moore's was a highly predictable consequence of Defendants' failure to equip its law enforcement officers with specific tools to handle such situations. Defendants' failure to have adequate safeguards for dealing with such situations fraught with risk constituted deliberate indifference to the rights of Jason Moore and others.

35.     The failure to train, discipline or supervise defendant Officers Kaminski, White, and others at the Ferguson Police Department has resulted in members of the Ferguson Police

Department using excessive force as a matter of custom in violation of clearly established law. Defendants' failure to train, supervise or discipline its officers is not objectively reasonable.

36.     As a result of Defendants' failure to train, discipline or supervise the officers of the department, they deprived plaintiff's decedent, Jason Moore, of his rights to be free from excessive force and unlawful and unreasonable seizure in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and remediable under 42 U.S.C. § 1983.

37.     Furthermore, there exists within municipal Defendants Ferguson Police Department and the City of Ferguson policies, customs, practices and/or usages that are so pervasive that they constitute the policies of the department, such that they are and were the moving force behind and thereby caused the constitutional deprivations of the plaintiff's decedent as have been set forth herein.

38.     The policies, customs, practices and usages that exist include the following:

(a)     The officers of the Ferguson Police Department use excessive force without regard for the need for the use of force, or without regard for the legality of its use;

(b)     The officers of the Ferguson Police Department use tasers routinely and/or without regard for whether the individual poses a threat of immediate harm, is actively resisting or attempting to evade arrest, or in situations that could be controlled by the use of other means;

(c)     The officers of the Ferguson Police Department engage in conduct that violates the constitutional rights of citizens with whom they come in contact, including, but not limited to arresting, detaining and prosecuting people in violation of the constitution and laws, both by the acts and means by which they are accomplished;

(d)     The officers do not use the least intrusive means of force necessary and the officers, by their words or actions, escalate encounters with citizens creating or causing the need for officers to use force or to use more force than otherwise would have been required;

(e)     The officers use the same methods and levels of force with regard to mentally ill individuals as with criminals, resulting in excessive and inappropriate use of force against the mentally ill; or

(f)     The officers of the Ferguson Police Department conspire with one another to "cover" for and protect one another from criminal and/or civil sanctions that might arise from the violation of the constitutional rights of a citizen.

39.     These customs, practices and usages caused the deprivation of plaintiff's decedent's rights secured under the Fourth and Fourteenth Amendments to the United States Constitution, other laws of the United States, and the laws of the State of Missouri. As a direct result of the deprivation of plaintiff's decedent's rights, Jason Moore suffered grievous bodily harm, pain, suffering, fear and death and was deprived of his right to be free from the unreasonable seizure of his person and the use of excessive force in violation of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States of America and 42 U.S.C. § 1983.

40.     The acts of Defendants as described above were intentional, wanton, malicious, evil and oppressive, or exhibited a reckless indifference to the federally protected rights of the plaintiff, thus entitling Plaintiffs to an award of punitive damages against Defendants Colonel Thomas Jackson, Honorable James Knowles III, Mark J. Byrne, Kim Tihen, Dwayne T. James,

Tim Larson, David Conway and Keith Kallstrom, in their official capacities as the Chief of Police of the Ferguson Police Department, Mayor and council members of the City of Ferguson.

WHEREFORE, Plaintiffs pray judgment against Defendants, Colonel Thomas Jackson, Honorable James Knowles III, Mark J. Byrne, Kim Tihen, Dwayne T. James, Tim Larson, David Conway and Keith Kallstrom in their official capacities, for all damages in this action recoverable under 42 U.S.C. § 1983 and § 537.090 R.S.Mo., including pecuniary and compensatory damages in an amount which is fair and reasonable, for punitive damages in order to punish Defendants and to deter them and others similarly situated from like conduct in the future and for the costs of this action, attorney's fees, and such other and further relief as the Court deems fair and proper under the circumstances.

## COUNT III

### PLAINTIFF TINA MOORE'S CAUSE OF ACTION
### AGAINST DEFENDANT OFFICERS KAMINSKI AND WHITE
### FOR WRONGFUL DEATH PURSUANT TO SECTION 537.080 RSMo.

**COMES NOW** Plaintiff Tina Moore and for her cause of action for wrongful death against Defendant Officers Kaminski and White states as follows:

41.    Plaintiff Tina Moore herewith adopts by reference each and every allegation in paragraphs 1 through 40 of this complaint the same or if fully herein set forth.

42.    Defendants Kaminski and White owed the plaintiff's decedent, Jason Moore, as police officers a duty of reasonable care for Jason Moore's safety.

43.    Defendants Kaminski and White violated this duty of care in their use of the taser device, including continuing to deploy the taser device while Jason Moore was being restrained by Officer White.

44.    In the alternative, Defendant Kaminski as a law enforcement officer armed with a

deadly weapon owed the plaintiff's decedent, Jason Moore, the duty to exercise the highest degree of care for his safety under the same or similar circumstances by law enforcement officers. In particular, Defendant Kaminski owed plaintiff's decedent the duty to determine that there was an imminent danger of serious physical injury or death to defendant or others before using deadly force by firing his taser into plaintiff's decedent's chest and thigh and repeatedly tasering him.

45.     Furthermore, Defendant Kaminski breached his duty of care by failing to remove himself from any possible zone of danger, call for and await backup assistance or to determine that imminent danger of serious physical injury or death existed before opening fire with his taser device on plaintiff's decedent.

46.     Defendants Kaminski and White are not entitled to official immunity for their actions, in that their actions were contrary to their duties and constituted a conscious abuse of official duty and power. Furthermore, Defendants' actions were done of wicked purpose, and/or done needlessly, manifesting a reckless indifference to the rights of plaintiff's decedent.

47.     As a direct and proximate result of the negligence of Defendants Kaminski and White as set forth above, Jason Moore experienced pain and suffering before his death and plaintiff Tina Moore has been deprived of her husband's society, comfort, companionship, services, instruction, guidance, counsel and support as a result of the killing of Jason Moore by Defendants Kaminski and White.  As a further direct and proximate result of the negligence of Defendants Kaminski and White as set forth above, the plaintiff has incurred pecuniary damages, including medical and funeral expenses related to the treatment, death and burial of Jason Moore.

48.     Defendants Kaminski and White knew or should have known that their conduct created a high degree of probability of injury and thereby showed complete indifference to or

conscious disregard for the rights of others. In the alternative, Defendants' actions were outrageous because of Defendants' evil motive or reckless indifference to the rights of plaintiff's decedent Jason Moore. Therefore, Plaintiff is entitled to an award for the aggravating circumstances associated with Jason Moore's death and for punitive damages in an amount sufficient to punish Officers Kaminski and White and to deter them and others similarly situated from like conduct in the future.

WHEREFORE, Plaintiff Tina Moore prays judgment against Defendant Officers Kaminski and White for pecuniary and compensatory damages in an amount which is fair and reasonable, punitive damages in an amount sufficient to punish Officers Kaminski and White and to deter them and others similarly situated from like conduct in the future, and for the costs of this action, her attorney's fees, and such other and further relief as the Court deems fair and proper under the circumstances.

### COUNT IV

**PLAINTIFF'S CLAIM AGAINST
DEFENDANT OFFICERS KAMINSKI AND WHITE
FOR FAILURE TO RENDER MEDICAL CARE**

**COME NOW** Plaintiffs and for their cause of action against Defendant Officers Kaminski and White, jointly and severally, states as follows:

49.     Plaintiffs herewith adopt by reference paragraphs 1 through 48 of this Complaint the same as if fully herein set forth.

50.     At all times mentioned herein, the failure to render medical care to Jason Moore by Defendant Officers Kaminski and White was a violation of Plaintiff's constitutional rights in that it subjected the plaintiff (a) to cruel and inhuman punishment in violation of the Eighth Amendment to the Constitution of the United States, and (b) amounted to a deprivation of health,

16

life, and property in violation of the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States, in each and all of the following ways:

a)      By performing their duties as police officers and first responders with deliberate indifference for the serious medical condition of Jason Moore.

b)      By failing to take appropriate steps to protect Jason Moore from a known danger when the defendants were aware of a substantial risk of serious injury from Jason Moore's symptoms.

c)      By failing to make medical observations (check his breathing and pulse) or perform treatments (first aid or CPR) when Jason Moore's condition was so obvious that even a lay person would easily recognize the necessity for medical attention.

d)      By failing to take the appropriate steps when the failure to treat Jason Moore's medical condition could and did result in further significant injury and the unnecessary and wanton infliction of pain.

e)      By failing to take the appropriate steps when the existence of Jason Moore's loss of oxygen was such that a reasonable police officer would find it important and worthy of comment or treatment.

f)      By failing to take the appropriate steps when Jason Moore could not breathe as the result of the tasering.

g)      By failing to take the appropriate steps to protect Jason Moore when he was in danger.

h)      By causing plaintiff to be handcuffed during or after he was tasered, and thereafter, not medically observing plaintiff while he was so confined.

       i)     By refusing to diagnose and treat Jason Moore's serious medical condition while he was in custody, causing him to suffer and sustain permanent injury.

       j)     By failing and refusing to call for emergency medical help for symptoms that defendants could not or would not treat.

       k)     By deliberately denying plaintiff medical attention and causing plaintiff irreparable physical and mental harm without any basis.

       l)     By failing to follow the policies and procedures of the Ferguson Police Department.

50.    At all times mentioned herein, Defendant Officers Kaminski and White were each deliberately indifferent to the serious medical condition of Plaintiff Jason Moore, notwithstanding notice and actual knowledge thereof.

51.    As a direct and proximate cause of the foregoing Constitutional violations, and because of the failure to provide medical care which Jason Moore was entitled to receive under the Eighth and Fourteenth Amendments to the Constitution of the United States, Jason Moore has suffered and will suffer injuries and damages, including excruciating pain, mental suffering and injuries as a result of oxygen deprivation.

52.    The acts of Defendants as described above were intentional, wanton, malicious, evil and oppressive, or exhibited a reckless indifference to the federally protected rights of the plaintiff, thus entitling Plaintiffs to an award of punitive damages against Defendants Kaminski and White in an amount sufficient to punish these Defendants and others similarly situated and to deter these Defendants and others similarly situated from engaging in conduct of this nature in the future in violation of the constitutional rights of arrestees and detainees in the custody of the St. Louis Metropolitan Police Department.

18

WHEREFORE Plaintiffs pray judgment against Defendant Officers Kaminski and White for compensatory damages in an amount which is fair and reasonable, for punitive damages in order to punish Defendants and to deter them and others similarly situated from like conduct in the future and for the costs of this action, attorney's fees, and such other and further relief as the Court deems fair and proper under the circumstances.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests that this Court do the following:

a)      Assume jurisdiction over this action;

b)      Issue a judgment in favor of the Plaintiffs for compensatory damages in a sum that is in excess of $75,000.00 and is otherwise reasonable compensation to the plaintiff for the damages sustained by her as the result of the wrongful conduct of the Defendants and wrongful death of her husband;

c)      Award Plaintiffs damages for the aggravating circumstances associated with Jason Moore's death and for punitive damages in an amount sufficient to punish these Defendants and others similarly situated;

d)      Award Plaintiffs reasonable attorneys' fees, including costs of this action;

e)      Award Plaintiffs prejudgment interest; and

f)      Award such other and further relief as this Court deems just and proper.

THE FLOYD LAW FIRM, P.C.

By:    \_/s/ MARK L. FLOYD_____
             MARK L. FLOYD (# 43643MO)
             Attorneys for Plaintiff
             8151 Clayton Rd., Suite 202
             St. Louis, Missouri   63117
             314/863-4114
             Fax, 314/863-4150
             mark@thefloydlawfirm.com

             and

             DOWD & DOWD, P.C.

By:    \_/s/ WILLIAM T. DOWD\_\_\_\_
             WILLIAM T. DOWD (#56569MO)
             ALEX R. LUMAGHI (#56569MO)
             Attorneys for Plaintiff
             211 North Broadway, Suite 4050
             St. Louis, Missouri   63102
             314/621-2500
             Fax, 314/621-2503
             bill@dowdlaw.net

             *Attorneys for Plaintiffs*