UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TINA MOORE, ET AL., | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Case No.: 4:14-CV-1443 ) |
| FERGUSON POLICE DEPARTMENT, ET AL., | ) ) ) ) |
| Defendants. | ) |

# *DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT*

Come Now Defendants, by and through undersigned counsel, and for their Answer to Plaintiffs' Complaint, state as follows:

## **PARTIES**

1. Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained within paragraph one.

2. Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained within paragraph two.

3. Defendants admit that the Ferguson Police Department is a governmental entity created by and established under the laws and Constitution of the State of Missouri.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained within paragraph three.

4. Admitted.

5. Defendants admit that Defendant Brian Kaminski is a Missouri resident. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained within paragraph five.

6. Defendants admit that Defendant Michael White is a Missouri resident. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained within paragraph six.

7. Defendants admit that the City of Ferguson, Missouri is a governmental entity created by and established under the laws and Constitution of the State of Missouri. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained within paragraph seven.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Defendant denies the allegations contained within paragraph fifteen.

## JURISDICTION

16. Admitted that plaintiffs invoke the jurisdiction of the court, but it is denied that any valid claim or cause of action exists or is stated in the Complaint.

## ALLEGATIONS COMMON TO ALL COUNTS

17. Denied.

18. Denied.

19. Denied as phrased. Defendants admit that on September 17, 2011, Officer Kaminski, Officer White and other officers responded to several 911 calls and arrived at or near N. Marguerite and Airport Road of Ferguson, Missouri. Defendants admit that Officer Kaminski was the first to arrive on the scene where he observed Jason Moore near Airport Road. Defendants deny the remaining averments contained within paragraph nineteen.

20. Defendants admit that no weapons were found on Jason Moore .
Defendants deny the remaining averments contained within paragraph twenty.

21. Denied as phrased. Defendants admit that after exiting his patrol vehicle, Officer Kaminski instructed Moore to put his hands in the air and to walk towards him. Defendants admit that Officer Kaminski used his taser after Moore yelled at the officer, ran aggressively towards Officer Kaminski while swinging his fist in a pinwheel motion towards Officer Kaminski, and refused to obey Officer Kaminski's lawful commands to get on the ground. Defendants admit that one prong struck Moore in the left side of his chest and the other struck his right thigh. Defendants deny the remaining averments contained within paragraph twenty-one.

22. Defendants admit that Officer White arrived when Moore was tased.
Defendants deny the remaining averments contained within paragraph twenty-two.

23. Denied.

## COUNT I

24. Defendants incorporate by reference as if fully set out herein responses to paragraphs one through twenty-four, as if fully set out herein.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Paragraph thirty states a legal conclusion to which no response is required.  To the extent that paragraph thirty alleges any facts against any Defendants, Defendants deny.

## COUNT II

31. Defendants incorporate by reference as if fully set out herein responses to paragraphs one through thirty, as if fully set out herein.

32. Denied.

33. Denied, including all subparts.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied, including all subparts.

39. Denied.

40. Denied.

## COUNT III

41. Defendants incorporate by reference as if fully set out herein responses to paragraphs one through forty, as if fully set out herein.

42. Paragraph forty-two states a legal conclusion to which no response is required. To the extent that paragraph forty-two alleges any facts against any Defendants, Defendants deny.

43. Denied.

44. Paragraph forty-four states a legal conclusion to which no response is required. To the extent that paragraph forty-four alleges any facts against any Defendants, Defendants deny.

45. Denied.

46. Denied.

47. Denied.

48. Paragraph forty-eight states a legal conclusion to which no response is required. To the extent that paragraph forty-eight alleges any facts against any Defendants, Defendants deny.

## COUNT IV

49. Defendants incorporate by reference as if fully set out herein responses to paragraphs one through forty-eight, as if fully set out herein.

50. Denied, including all subparts.

51. Denied.

52. Denied.

**AFFIRMATIVE DEFENSES**

1. Defendants deny each and every other allegation in Plaintiffs' Complaint not specifically admitted to above and herein.

2. For further answer and for affirmative defense, the Defendants state that Plaintiffs' Complaint fails to state a cause of action or a claim upon which relief can be granted against these Defendants;

3. For further answer and for affirmative defense, these defendants have immunity from liability to plaintiff under the Doctrines of Sovereign Immunity, Qualified Immunity, Official Immunity and the Public Duty Doctrine;

4. For further answer and for affirmative defense, the Plaintiffs have a duty to mitigate their damages, and have failed to do so;

5. For further answer and for affirmative defense, any force used against Plaintiffs' Decedent was reasonable and necessary in order to subdue the Decedent and take Decedent into lawful custody due to Decedent's irrational and dangerous behavior, his violently resisting lawful arrest and was the result of Decedent's unprovoked and illegal threatened and actual assault against the Defendant Officers;

6. For further answer and for affirmative defense, any force used and any act of any Defendant was undertaken pursuant to law and in the course of Defendants' official duties as law enforcement officers, was reasonable and was based upon both probable cause and reasonable suspicion that Decedent had violated the laws and ordinances of the State of Missouri, that every search, seizure, arrest, and detention of plaintiff took place pursuant to law and was reasonable in manner and duration.

7. Any injury or damage, if any, sustained by Plaintiff or Plaintiffs' Decedent was the direct and proximate result of the Decedent's own negligence, carelessness and comparative fault, in that   Decedent ran aggressively towards a police officer, swung his fist in an aggressive manner towards a police officer, and refused to submit to arrest and obey a police officer's lawful commands.  Thus and thereby, Plaintiffs may not recover from these Defendants, or any recovery of Plaintiffs should be reduced by the percentage of Plaintiffs' Decedent's own negligence and comparative fault or the negligence and comparative fault of Plaintiffs' Decedent contributing thereto.

8. For further answer and for affirmative defense, any claim for punitive damages fails to state a claim for relief for punitive or exemplary damages and in addition, to the extent that any Plaintiff seeks to recover punitive or exemplary damages herein, Plaintiff has not stated and cannot state a claim for relief for punitive damages because the procedures for assessing punitive damages, facially and as applied to this case, violate the due process provisions of the Fourteenth Amendment of the United States Constitution and Article I, Section 10 of the Constitution of Missouri in that:

    a. Missouri's procedural and substantive law of punitive damages conflicts with the procedural and substantive standards set forth in the United States Supreme Court decisions in Pacific Life Insurance Co. v. Haslip; State Farm v. Campbell, White v. Ford Motor and Phillip Morris USA v. Williams.

    b. Missouri's guidelines, standards, procedures, and instructions for the imposition of punitive damages are ambiguous, indefinite, unreasonable, vague, uncertain, conflicting, purely subjective, and fundamentally unfair.
    c. Missouri has no objective limitations or standards that have been established concerning the amount or severity of a punitive damages award.

    d. Missouri has vague and inconsistent legal standards for the imposition of punitive damages, which deprive defendant of sufficient notice of the type of conduct and

mental state upon which punitive damages could be awarded as a result of defendant's alleged misconduct.

e. Missouri permits the jury to award punitive damages that are disproportionate and have no reasonable relationship to the actual damages, plaintiffs' injury, plaintiffs' expenses, defendant's conduct, and defendant's mental state.

f. Missouri courts review punitive awards on the theory that the magnitude of such awards is wholly and peculiarly within the discretion of the jury; this standard provides no meaningful standard basis for review of punitive awards by either the trial or appellate courts.

g. Missouri's trial court and appellate courts are bound to apply vague and inconsistent standards by which to evaluate the jury's punitive damages award. Specifically, these inadequate standards include:

   i. a nebulous and undefined "abuse of discretion" standard of review;
   ii. a nebulous and undefined standard under which a punitive damages award may be disturbed if it is the product of "bias and prejudice";
   iii. a standard that allocates undefined, inordinate, and improper discretion to the jury without providing the jury with adequate standards to guide their discretion;
   iv. a standard that is based upon an evaluation of the "proper relationship" between the degree of malice allegedly proven and the amount of the punitive damages award; however, no legal guidelines have been established that define the manner in which a court should evaluate either the degree or nature of the alleged "malice" or the "proper relationship" between such malice and the punitive damages award. Further, no legal standards have been established which reconcile and apply the different standards, set forth above, by which the trial and appellate courts review punitive damages awards.

h. Missouri improperly permits a plaintiff to submit punitive damages to the jury based upon a defendant's conduct that, as a matter of law, was not willful or reckless. Punitive damages are not constitutionally permissible for mere negligent conduct, assuming defendant's conduct even meets this standard.

i. Missouri's approved jury instructions for punitive damages do not provide the jury with sufficiently specific and objective standards to guide its discretion in awarding punitive damages. These instructions fail to inform the jury of its duty to consider the character and degree of the wrong as shown by the evidence. The instructions also fail to inform the jury that the defendant's net worth may not be considered in deciding whether to award punitive damages.

j.  Missouri law does not contain adequate and objective procedures and standards or instructions that guide the jury, trial, and appellate courts concerning the purposes of punitive damages and the reasons for awarding such damages.

k.  Missouri law does not have adequate standards and procedures to guide the trial and appellate courts in reviewing an excessive award of punitive damages.

l.  Missouri courts are not required to explain the basis for their decisions concerning punitive damages awards; Missouri, therefore, affords no procedure for meaningful review of punitive damages by either the trial or the appellate courts.

m.  Missouri does not provide adequate and objective standards and procedures to instruct the jury to ensure in the post-trial review by the trial and appellate courts that any punitive damages award has an understandable relationship to the actual or compensatory damages award.

n.  Missouri does not require the standard of proof for the imposition of punitive damages to be "beyond a reasonable doubt."

o.  Missouri does not provide objective standards and procedures to prevent the plaintiff from receiving an unfair windfall of money as a result of a punitive damages award.

p.  Missouri does not have legal standards that would unconditionally prohibit in all cases an award of multiple punitive damages awards and punishments against a defendant who has already been subjected to punitive damages in a prior case based upon the identical or similar conduct.  These multiple awards amount to civil and criminal fines and punishments and are prohibited under Article I, Section 21 of the Missouri Constitution and are also prohibited under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Missouri Constitution.

q.  Based on the Due Process Clause contained in Article I, Section 10 of the Missouri Constitution, a corporate defendant should not be held to be vicariously liable for acts or omissions of its agent without a showing of complicity.

r.  An award of punitive damages under Missouri law violates the Eighth Amendment to the United States Constitution and Article I, Section 21 of the Constitution of Missouri, which prohibit excessive fines because fifty percent of any final judgment awarding punitive damages is payable to the State of Missouri under Mo. Rev. Stat. Ann. § 537.675.  That portion of the punitive award therefore constitutes a fine payable to the State, but the State of Missouri has established no standards or limits upon the amount of punitive damages that may be awarded in a particular case, and has not provided procedural safeguards,

including a requirement of proof beyond a reasonable doubt, necessary for imposition of fines.

9. For further answer and for affirmative defense, the Defendants are entitled to a set off from any judgment or verdict by the amount of the compensation paid to Plaintiffs by any other party under RSMo. Section 537.060.

10. For further answer and for affirmative defense, any liability which may be found on the part of the City of Ferguson is to be capped at the measure determined by R.S.Mo. § 537.610 and in accordance with the Implicit Price Deflator for Personal Consumption Expenditures as published by the Bureau of Economic Analysis of the United States Department of Commerce and annually published by the Missouri Register.

11. Defendants reserve the right to supplement their affirmative defenses over the course of discovery.

WHEREFORE, having fully answered Plaintiff's Complaint, defendants move the Court dismiss all counts contained therein against them, to award their costs and fees to them and for such other and further relief as the Court deems proper.

/s/ Peter J. Dunne
Peter J. Dunne   #31482MO
Robert T. Plunkert   #62064MO
Michael A. Langella #67258MO
PITZER SNODGRASS, P.C.
Attorney for Defendants
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)

**Certificate of Service**

       I hereby certify that a copy of the foregoing was filed electronically with the Clerk of the Court this 19th day of February, 2015 to be served either by operation of the Court's electronic filing system, or by First Class Mail, upon the following:

MARK L. FLOYD (# 43643MO)
Attorneys for Plaintiff
8151 Clayton Rd., Suite 202
St. Louis, Missouri 63117

WILLIAM T. DOWD (#56569MO)
ALEX R. LUMAGHI (#56569MO)
Attorneys for Plaintiff
211 North Broadway, Suite 4050
St. Louis, Missouri 63102

                                                                  /s/Peter J. Dunne