UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TINA MOORE, ET AL., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No.: 4:14-CV-1443 |
| | ) |
| FERGUSON POLICE DEPARTMENT, ET AL., | ) |
| | ) |
| Defendants. | ) |

# *DEFENDANTS FERGUSON POLICE DEPARTMENT, CHIEF THOMAS JACKSON, MAYOR JAMES KNOWLES, AND THE CITY OF FERGUSON CITY COUNCIL MEMBERS (DEFENDANTS BYRNE, TIHEN, JAMES, LARSON, CONWAY, AND KALLSTROM) JOINT MOTION TO DISMISS*

Come Now Defendants, the Ferguson Police Department, Chief Thomas Jackson, Mayor James Knowles and the City of Ferguson City Council Members Byrne, Tihen, James, Larson, Conway, and Kallstrom, by and through undersigned counsel, and for its Motion to Dismiss, state as follows:

1. Plaintiffs filed this lawsuit alleging wrongful death and denial of Constitutional rights against numerous Defendants including the City of Ferguson, the Ferguson Police Department and officials affiliated with the City of Ferguson. Doc. No. 1.

2. A nearly identical suit for damages was consolidated with the present matter pursuant to the Court's February 12, 2015. See Doc. Nos. 12 and 15.

3. Defendant Ferguson Police Department seeks dismissal of Plaintiff's cause of action against it for failure to state a claim upon which relief can be granted.

4. Under 42 U.S.C. § 1983, a claim for relief must allege that a *person* acting under the color of state law deprived Plaintiffs of a constitutional right. *Pitts v. City of Cuba*, 913 F. Supp. 2d 688, 701 (E.D. Mo. 2012). A police department is not usually considered a "person" within the meaning of § 1983. *Id.*; *See also Ketchum v. City of West Memphis,* 974 F.2d 81, 82 (8th Cir.1992) (holding that the West Memphis Police Department and Paramedic Services are departments or subdivisions of the City government and not separate juridical entities).

6. The City of Ferguson is also identified as a Defendant in Plaintiff's Complaint. Doc. No. 1.

7. As in *Ketchum*, and since the City of Ferguson is named as a Defendant in Count II, any claim against the "Ferguson Police Department" in Count II is duplicative and redundant of the claim against the City of Ferguson as being against the same, singular governmental entity.

8. As a result of the duplicative nature of Plaintiffs' Count II against the City of Ferguson and the Ferguson Police Department, which does not exist as a separate entity that can be sued, the Ferguson Police Department should be dismissed from the matter.

9. Defendants Chief Jackson, Mayor Knowles, and the City of Ferguson Council Members (Byrne, Tihen, James, Larson, Conway, and Kallstrom) also move for dismissal of Plaintiff's cause of action for failure to state a claim upon which relief can be granted.

10. "A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.,* 172 F.3d 531, 535 (8th Cir. 1999); *see also Artis v. Francis Howell North Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182, 1185 (8th Cir. 1998) (finding district court correctly dismissed claim, against school official sued

only in his official capacity, as redundant to claim against official's public employer, a school district).

11. It is proper for a court to dismiss as redundant claims asserted against an official that are also asserted against the official's governmental employer. *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010).

12. "If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity." *Artis*, 161 F.3d at 1182.

13. Plaintiff alleges that Defendants Knowles, Byrne, Tihen, James, Larson, Conway, and Kallstrom were at all relevant times acting within their official capacities. Doc. No. 1, ¶¶ 8, 9, 10, 11, 12, 13, 14.

14. Defendants Knowles, Byrne, Tihen, James, Larson, Conway, and Kallstrom and all alleged to be officials with the City of Ferguson.

15. Since Count II includes the City of Ferguson (employer) as a named Defendant, and because Plaintiff's Complaint never alleges that Defendants Knowles, Byrne, Tihen, James, Larson, Conway, and Kallstrom were acting in their individual capacity with regard to any claim asserted against them, Count II against these Defendants should be dismissed as redundant and duplicative as being filed against a public employee's employer, the City of Ferguson.

14. In their Complaint, the Plaintiffs do not specifically state that Defendant Jackson was acting in his individual capacity. Doc. No. 1, ¶4. Therefore, it is presumed that he is sued only in his official capacity. *See Artis*, 161 F.3d at 1182.

15. The City of Ferguson is the employer of Chief Jackson.

16. Since Count II included the City of Ferguson and never alleged that Officer Jackson was acting in his individual capacity, and since the City of Ferguson is Chief Jackson's

employer, Count II against Defendant Jackson must also be dismissed as redundant and duplicative as being filed against a public employee's employer, the City of Ferguson.

WHEREFORE, Defendants respectfully request that this Court grant their Motion to Dismiss and for such other and further relief as this Court deems just and proper.

/s/ Peter J. Dunne
Peter J. Dunne   #31482
Robert T. Plunkert   #62064
PITZER SNODGRASS, P.C.
Attorney for Defendant
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)

I hereby certify that a copy of the foregoing was filed electronically with the Clerk of the Court this 19th day of February, 2015 to be served either by operation of the Court's electronic filing system, or by First Class Mail, upon the following:

MARK L. FLOYD (# 43643MO)
Attorneys for Plaintiff
8151 Clayton Rd., Suite 202
St. Louis, Missouri 63117

WILLIAM T. DOWD (#56569MO)
ALEX R. LUMAGHI (#56569MO)
Attorneys for Plaintiff
211 North Broadway, Suite 4050
St. Louis, Missouri 63102

/s/Peter J. Dunne