UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TINA MOORE, ET AL., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No.: 4:14-CV-1443 |
| | ) |
| FERGUSON POLICE DEPARTMENT, ET AL., | ) |
| | ) |
| | ) |
| Defendants. | ) |

# *DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS*

COME NOW Defendants, by and through their attorneys, and for their Reply in Support of Their Motion to Dismiss, state as follows:

### INTRODUCTION

On February 12, 2015, this Court consolidated two causes of action filed pursuant to Missouri's Wrongful Death Statute, R.S. Mo. § 537.080, which concerned the death of Jason Moore on September 17, 2011.  Doc. No. 12.  On March 12, 2015, Plaintiffs filed their Response in Opposition to Defendants' Joint Motion to Dismiss (Doc. No. 16) arguing that despite consolidation, Plaintiffs maintained two distinct and separate causes of action which Defendants were required to answer separately.  Doc. No. 19.  Defendants are not required to answer both complaints as the two distinct causes of action must be merged into a one cause of action in order to comply with the provisions of the Missouri Wrongful Death Statute.

### LAW AND ARGUMENT

**I.      Plaintiffs' two distinct causes of action must be merged into one cause of action to satisfy R.S. Mo. § 537.080.**

Despite the consolidation of the two matters and the plain language of the Missouri Wrongful Death Statute mandating one cause of action, Plaintiffs contend that Defendants were required to answer the Complaints from both 4:14-CV-1443 SNLJ and 4:14-CV-1447 SNLJ. Plaintiffs cite two cases for this proposition, and although Plaintiffs' cases analyze consolidation issues, neither of them are applicable since they analyze consolidation pursuant to statutes and rules other than the Missouri Wrongful Death Statute. A consolidation and merger analysis under the Missouri Wrongful Death Statute will yield the conclusion that Plaintiffs can maintain only one cause of action and that Defendants are required to file a responsive pleading only to the Complaint from the earlier cause of action, 4:14-CV-1443 SNLJ. This Reply will respond exclusively to Plaintiffs' Response in Opposition to Defendants' Joint Motion to Dismiss and the arguments raised therein.

**A.     Missouri Law: R.S. § Mo. 537.080**

The plain language of R.S. Mo. § 537.080 states that "only *one action* may be brought under this section against *any one defendant for the death of any one person*." [emphasis added] R.S. Mo. § 537.080.2. The statute then gives a hierarchy of classes which states the persons entitled to bring a cause of action on behalf of a decedent, starting with:

> "(1) by the spouse or children or the surviving lineal descendants of any deceased children, natural or adopted, legitimate or illegitimate, or by the father or mother of the deceased, natural or adoptive;
>
> (2) If there be no persons in class (1) entitled to bring the action, then by the brother or sister of the deceased, or their descendants, who can establish his or her right to those damages."

R.S.Mo. § 537.080.1(1)–(2).

**B.     Federal Law: Consolidation**

2

As noted by this Court's February 12, 2015 Order, Rule 42 of the Federal Rules of Civil Procedure provides for the consolidation of cases involving a common question of law or fact. *See E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 550 (8th Cir. 1998).

**C.    Application:  The plain language of the Missouri Wrongful Death Statute mandates the consolidation of two causes of action into one cause of action when there are two suits, filed by different class members, against the same defendants, and arising out of the same death.**

Plaintiffs contend that this Court's February 12, 2015 Order did not eliminate the two separate causes of action.  However, this Court's Order specifically cited part of Missouri's Wrongful Death Statute which read that "only one action may be brought under this section against any one defendant for the death of any one person." Doc. No. 12.

If Plaintiffs' are allowed to maintain two distinct causes of action, then it would directly contradict the provisions of the Missouri Wrongful Death Statute since multiple Defendants will be named in two separate but identical causes of action which arise from the death of Jason Moore.  Assuming, arguendo, that the two causes of action are allowed, then Tina Moore (4:14-CV-1443 SNLJ) would have a cause of action against the City of Ferguson, while (Delores Moore 4:14-CV-1447 SNLJ) would have the same cause of action against the City of Ferguson — both arising out of the death of Jason Moore.  The plain language of the Missouri Wrongful Death Statute prohibits the above-mentioned hypothetical and displays why this Court's February 12, 2015 Order not only consolidated the two causes of actions but also merged them as well.

**D.    Distinguish:  The cases cited by Plaintiffs have no applicability to a cause of action filed under Missouri's wrongful death statute.**

Plaintiff cites two cases for the proposition that the consolidation order preserved the two distinct causes of action (4:14-CV-1443 SNLJ and 4:14-CV-1447 SNLJ).  The case law which

3

Plaintiffs' cites has no applicability to the consolidation and merger of two separate causes of action under Missouri's Wrongful Death Statute. Additionally, consolidation of the two matters would have little to no effect on enhancing judicial effectiveness and economy if Defendants must answer two Complaints which plead the same cause of action and allegations which arise out of the same event.

> i. *Johnson* has no applicability or relevance to the consolidation of two separate actions under the Missouri Wrongful Death Statute.

Plaintiffs cite the 1933 Supreme Court case of *Johnson v. Manhattan Ry. Co.* for the proposition that consolidation does not merge two suits into a single cause of action. 289 U.S. 479 (1933). However, *Johnson* specifically analyzed consolidation pursuant to and under 28 U.S.C. § 734. *Id.* at 496–97. The Supreme Court stated that "**Under the statute 28 U.S.C. s 734 (28 USCA s 734)**, consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." [emphasis added] *Id.* This case analyzes consolidation under a federal statute as opposed to consolidation and merger pursuant to the Missouri Wrongful Death Statute. Additionally, *Johnson* concerned consolidation on the motion of a judge, and not consolidation which is mandated by a statute. *Johnson*, despite some persuasive language, has no applicability or relevance to the merger of two matters into a single cause of action pursuant to the Missouri Wrongful Death Statute.

> ii. *Anderson* has no applicability or relevance to the consolidation of two separate actions under the Missouri Wrongful Death Statute.

Plaintiffs also cite *Anderson Living Trust v. WPX Energy Production, LLC* for the proposition that consolidation does not merge two suits into a single cause of action. 297 F.R.D 622 (D.N.M. 2014). *Anderson Living Trust* examined whether to consolidate two separate

4

causes of action, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, for purposes of discovery and class certification.  *Id.* at 623.  As in *Johnson*, *Anderson Living Trust* does not analyze consolidation and merger pursuant to the Missouri Wrongful Death Statute.  While *Anderson Living Trust* analyzes consolidation pursuant to Rule 42(a), it does not have applicability or relevance to the present matter as it does not have the extra step of analyzing consolidation and merger under the Missouri Wrongful Death Statute.  While consolidation under Federal Rule 42(a) does not mandate the merging of two causes of action into a singular one, the inclusion of the Missouri Wrongful Death Statute in a consolidation analysis mandates the merging of two distinct causes of action as seen in this present matter.  As such, Defendants were only required to the answer the Complaint from the earlier cause of action (4:14-CV-1443) as the latter cause of action (4:14-CV-1447) was consolidated and merged with the earlier action to form a single lawsuit.

WHEREFORE, Defendants respectfully request this Court to grant their Motion to Dismiss, to order that Defendants are only required to file a responsive pleading to the Complaint from the first matter (4:14-CV-1443), and for such other and further and relief as this Court deems just and proper.

/s/ Peter J. Dunne
Peter J. Dunne   #31482
Robert T. Plunkert   #62064
PITZER SNODGRASS, P.C.
Attorney for Defendant
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)

I hereby certify that a copy of the foregoing was filed electronically with the Clerk of the Court this 18th day of March, 2015 to be served either by operation of the Court's electronic filing system, or by First Class Mail, upon the following:

MARK L. FLOYD (# 43643MO)
Attorneys for Plaintiff
8151 Clayton Rd., Suite 202
St. Louis, Missouri 63117

WILLIAM T. DOWD (#56569MO)
ALEX R. LUMAGHI (#56569MO)
Attorneys for Plaintiff
211 North Broadway, Suite 4050
St. Louis, Missouri 63102

/s/Peter J. Dunee