UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TINA MOORE, individually and as Personal Representative of the ESTATE OF JASON MOORE, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 4:14-cv-1443 SNLJ No. 4:14-cv-1447 SNLJ |
| vs. | ) ) | CONSOLIDATED |
| CITY OF FERGUSON, MISSOURI, et al., | ) ) | |
| Defendants. | ) | |

### MEMORANDUM and ORDER

Plaintiffs' decedent, Jason Moore, died during an altercation with police in Ferguson, Missouri. Plaintiffs are decedent's relatives; they have filed this lawsuit against the City of Ferguson, certain police officers, and other city officials. Defendants have filed a partial motion to dismiss (#30). The matter has been fully briefed and is now ripe for disposition.

**I.     Background**

Plaintiffs allege that Jason Moore was a 31-year-old man weighting approximately 135 pounds when he encountered police in the early morning of September 17, 2011. Mr. Moore was near his Ferguson, Missouri home when he took his clothes off and ran naked down the street yelling "God is good," "glory to God," and "I am Jesus." Individuals nearby informed the Ferguson Police Department, and officers were dispatched. Plaintiffs allege that Mr. Moore was obviously unarmed and suffering from mental illness. When Mr. Moore moved toward defendant Brian Kaminski, defendant

1

Kaminski shot a TASER device into Mr. Moore's chest and right thigh.  Mr. Moore fell face-first onto the ground.  While Mr. Moore lay on the ground, defendant Kaminski used the TASER device several more times; plaintiffs allege that defendant did so for the express purpose of inflicting pain.  Another police officer, defendant Michael White, pulled Mr. Moore's arms behind his back and handcuffed him.  Defendants White and Kaminski allegedly left Mr. Moore in a prone position on the pavement without turning him over or monitoring his breathing or medical status.  Defendant officers William Ballard and Matthew Bebe arrived on the scene and left Mr. Moore in that position and did not monitor his medical status.  It was eventually determined that Mr. Moore had stopped breathing; paramedics were called, and Mr. Moore was transported to a hospital, where he was pronounced dead.

  Plaintiffs' complaint brings three counts against the defendants.  Count I is for violation of decedent's Fourth, Eighth, and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983.  Plaintiffs claim defendants Kaminski, White, Ballard, and Bebe unreasonably seized and used excessive force against Mr. Moore in violation of the Fourth and Fourteenth Amendments.  Plaintiffs claim the same four defendants violated Mr. Moore's rights to have his serious medical needs addressed pursuant to the Eighth and Amendments.

  Count II is for municipal liability for violations of the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983.  Plaintiffs claim that the Ferguson police department's policies, customs, practices, and usages caused the constitutional deprivations complained about.  Plaintiffs claim that defendants City of Ferguson, James Knowles, III, Mark J. Byrne, Kim Tihen, Dwayne T. James, Tim Larson, David Conway,

and Keith Hallstrom maintained the unconstitutional policies, customs, practices, and usages that are violative of individuals' civil rights.  Count III is for wrongful death against defendants Kaminski and White.

Defendants have moved to dismiss the Eighth Amendment claim in Count I and all of Count III.

**II.     Legal Standard**

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)).  "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content. . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)).  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster.  *Iqbal*, 556 U.S. at 678.

**III.    Discussion**

The two components of defendants' motion will be discussed in turn.

    **A.     Count I --- Eighth Amendment Claim**

Section 1983 is a statute that allows a person acting under "color of" state law to be held liable for the "deprivation of any rights, privileges, or immunities secured by the

3

Constitution and its laws." 42 U.S.C. § 1983.  The Eighth Amendment protects individuals who have been convicted of crimes from the imposition of cruel and unusual punishment.  *Whitley v. Albers*, 475 U.S. 312, 318 (1986).  Although plaintiffs claim here that defendants violated their decedent's Eighth Amendment rights, defendants argue that claim must be dismissed because Mr. Moore had not been convicted of a crime at the time of the alleged misconduct.  Because Mr. Moore was not a prisoner, they say, the Eighth Amendment does not apply.

Plaintiffs respond that Mr. Moore had the right to be free from deliberate indifference to his serious medical needs, and, although those rights are typically asserted by prisoners under the Eighth Amendment, a similar analysis may be made for a pre-trial detainee under the Due Process clause of the Fourteenth Amendment.  Although defendants correct plaintiffs' identification of the decedent as an *apprehended suspect* (who has not been charged with a crime) rather than a *pretrial detainee*, the parties are essentially in agreement:  "The Due Process Clause of the Fourteenth Amendment requires that the police must provide medical care to 'persons ... who have been injured while being apprehended by the police.'" *Teasley v. Forler*, 548 F. Supp. 2d 694, 709 (E.D. Mo. 2008) (quoting *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)).  The Eighth Amendment therefore does not apply to plaintiffs' claim and will be dismissed.

### B. Count III

Defendants contend that Count III for wrongful death should be dismissed in its entirety because they believe official immunity applies.  Official immunity insulates public officials "from suit in their individual capacities when liability arises from discretionary acts or omissions" taken by them.  *Teasley*, 548 F. Supp. 2d at 709-10.

4

Official immunity does not insulate public officials (such as police officers) from "ministerial acts," which are of a clerical nature. *Id.* at 710. Defendants suggest that because plaintiffs' allegations are about only discretionary acts --- which are defined as acts requiring "the exercise of reasons in the adaption of means to an end and discretion in determining how or whether an act should be done," *id.* --- and not ministerial acts, Count III for wrongful death should be dismissed.

Missouri law is clear, however, that official immunity does not apply to discretionary acts that were performed "in bad faith or with malice." *Id.* (citing *Blue v. Harrah's N. Kansas City, LLC*, 170 S.W.3d 466, 479 (Mo. App. W.D. 2005)). Plaintiffs' complaint has ample allegations going to bad faith or malice. For example, the complaint states that defendant officers used the TASER on Mr. Moore without any legitimate police purpose and only to inflict pain. (#26 at ¶ 29.) Notably, defendants do not address Count III or their argument for its dismissal at all in their reply memorandum. The defendants' motion to dismiss Count III will be denied.

**IV.    Conclusion**

Defendants' motion will be granted in part and denied in part. Count I's claim for violation of decedent's Eighth Amendment rights will be dismissed, but Count I's claims for violation of decedent's Fourth and Fourteenth Amendment rights remain. Counts II and III remain in their entirety.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' partial motion to dismiss (#30) is GRANTED in part and DENIED in part.

**IT IS FURTHER ORDERED** that plaintiffs' 42 U.S.C. § 1983 claim pertaining to the Eighth Amendment is DISMISSED.

Dated this 27th day of July, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE