UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TINA MOORE, individually and as Personal Representative of the ESTATE OF JASON MOORE, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) ) ) | No. 4:14-cv-1443 SNLJ No. 4:14-cv-1447 SNLJ CONSOLIDATED |
| vs. | ) ) | |
| CITY OF FERGUSON, MISSOURI, et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM and ORDER

This matter is before the Court on plaintiffs' motion to strike affirmative defenses, or, in the alternative, for a more definite statement (#34). Plaintiffs filed a three-count complaint claiming violation of plaintiffs' decedent's constitutional rights and wrongful death in connection with an altercation with Ferguson, Missouri police officers. Defendants' answer includes 18 affirmative defenses. Plaintiffs contend that the affirmative defenses are inadequate and fail as a matter of law because they do not plead any factual basis, they state legal conclusions, and/or are not proper affirmative defenses.

Federal Rule of Civil Procedure 8(c) states that "in responding to a pleading, a party must affirmative state any avoidance or affirmative defense" and then provides a list of affirmative defenses. Generally, and "[a]s numerous federal courts have held, an affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives the plaintiff fair notice of the nature of the defense." 5 Charles Alan Wright et al., *Federal Practice & Procedure* §

1

1274 (3d ed. Westlaw 2013); *see Baustian v. Fifth Third Bank*, No. 4:13-CV-1423 SNLJ, 2013 WL 6243857, at *1 (E.D. Mo. Dec. 3, 2013). Far from requiring any specificity or detail, the Eighth Circuit holds that such defenses "need not be articulated with any rigorous degree of specificity" --- indeed, it is "sufficiently raised for purposes of Rule 8 by its bare assertion." *Zotos v. Lindbergh School Dist.*, 121 F.3d 356, 361 (8th Cir. 1997). Since federal pleading standards were heightened by the Supreme Court's rulings in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), there has been some discussion of whether those standards applied equally to affirmative defenses. *See Baustian*, 2013 WL 6243857 at *1 (collecting cases). However, this "Court is in agreement with those courts that hold that the plausibility standard does not apply to affirmative defenses." *Id.* at *2.

The remainder of plaintiffs' arguments go to the merits of defendants' affirmative defenses. The Court therefore declines to address those matters at this stage in the litigation.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to strike affirmative defenses, or, in the alternative, for a more definite statement (#34) is **DENIED**.

Dated this 27th day of July, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE