UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | | |
|---|---|---|---|
| TINA MOORE, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JASON MOORE, DELORES MOORE, AND RENEE RODGERS, AS NEXT FRIEND FOR A.D.R., A MINOR, | ) ) ) ) ) ) | | |
| Plaintiffs, | ) ) | | |
| vs. | ) ) | Case No.: | 4:14-CV-1443 SNLJ 4:14-CV-1447 SNLJ (Consolidated) |
| BRIAN KAMINSKI, MICHAEL WHITE, WILLIAM BALLARD, MATTHEW BEBE, THOMAS JACKSON, CITY OF FERGUSON, MISSOURI | ) ) ) ) ) | | |
| Defendants. | ) | | |

## *CONSENT PROTECTIVE ORDER*

By consent of Plaintiffs and Defendants, it is agreed that certain documents produced by the Defendants in this litigation may contain information subject to protection against disclosure outside this litigation because of the right of individuals identified in the documents to their privacy. Also, certain documents contain private and personal information that constitute closed records under the law and that are otherwise closed against disclosure to the public, and the use of a protective order will avoid the need to redact such documents. It is therefore agreed by the parties that all such documents will be governed by Protective Order under the following terms, restrictions and conditions as contemplated by Federal Civil Rule of Civil Procedure 26(c):

### *DOCUMENTS*

This order shall apply to those documents Defendants have agreed to produce in its document production and as described in paragraph 1 below.

{01474660.DOCX;1}

1. The documents subject to this order are documents produced by the City of Ferguson in the subject litigation and designated by Defendant as "Confidential", including any notes, transcripts, or communication regarding these documents produced.

2. Information designated confidential shall be disclosed only to the Plaintiffs, to the counsel of record for Plaintiffs, or to individuals certified by such counsel as employed by or assisting counsel in preparation for, or at the trial of, this matter (Cause No. 4:14-CV-1443 SNLJ), or to experts retained by Plaintiffs. Notwithstanding same, in regard to documents discussing citizen complaints against the Ferguson Police Department and its officers, counsel for Plaintiffs is entitled to contact any such citizen witnesses regarding their complaints. The Defendants assert that the identity of the citizens identified in the use of force reports, that Ferguson intends to produce subject to this order, are confidential. The Plaintiffs dispute this assertion but agree that they will not contact the citizen in the report without consent of the Defendants or court order.

3. Any such documents and/or information shall be used only for the purpose of prosecuting this matter and for no other purpose.

4. Any person or firm to whom such documents and/or information contained therein is disclosed shall be advised by counsel making that disclosure that, pursuant to this Protective Order, such person or firm may not divulge any such information contained in the documents outside this litigation, and such disclosure would violate this Protective Order.

5. In the event that any designated document or the information contained therein is included with, or the contents thereof, are in any way disclosed in any pleading, motion, deposition transcript or other paper filed with the Clerk of any Court, Plaintiffs will first contact counsel for the Defendants to determine whether counsel for Defendants believe the documents

should be sealed prior to filing; if so, such designated documents and/or information subject to this Protective Order shall be kept under seal by the Clerk until further order of this Court. Any use of any such document or of information contained therein and any testimony associated with the protected information contained therein shall be held under seal if necessary to prevent disclosure to non-parties, or otherwise under such circumstances as will prevent the inadvertent disclosure of such documents and/or information, unless the Court orders otherwise upon good cause shown. However, the provisions of this paragraph will not apply to exhibits used at trial and testimony regarding same, which will be matters of public record unless otherwise ordered by the Court.

6. In the event Plaintiffs conduct an inspection of documents at any facility of the City of Ferguson, such inspection (including notes and information gained regarding said documents) shall also be controlled by this Protective Order in the same fashion as if the documents were produced.

7. In the event Plaintiffs disagree with the designation of any of the documents or information contained therein, Plaintiffs shall, at any time, send a written notice to counsel for Defendants specifying the documents or information in question. If the parties cannot agree regarding the status of the identified documents or information, then within fourteen (14) days of receiving a written notice specifying the document or information in question, Defendants shall file a Motion to Preserve Protected Status as to any documents or information which Defendants argue should remain subject to this Protective Order. The documents or information set forth in Defendants' Motion to Preserve Protected Status shall continue to be protected as protected documents and information until further order of this Court.

8. Upon final disposition of this case, all documents and copies thereof furnished by Defendants to Plaintiffs, together with all originals and copies of notes, sketches, data, compilations, extracts and reproductions furnished by Defendants, shall be returned to counsel for Defendants, together with a letter from counsel for Plaintiffs that all documents, copies of such documents which were provided by Defendant have been returned to counsel for Defendants.  Reproductions or augmented versions of such documents provided by Defendants in the possession of Plaintiffs, their agents, counsel, consultants and/or experts, must then be destroyed.  However, the provisions of this paragraph will not apply to exhibits used at trial and testimony regarding same, which will be matters of public record unless otherwise ordered by the Court, and may be retained by the Plaintiffs.

By agreeing to this Consent Protective Order, no inference shall be drawn as to confidentiality, and counsel shall later be permitted, upon proper application as set forth in paragraph 6 above, to challenge the confidentiality of any document subject hereto without prejudice.

/s/ Peter J. Dunne
Peter J. Dunne   #31482
Robert T. Plunkert   #62064
Michael A. Langella #67258
PITZER SNODGRASS, P.C.
Attorney for Defendant
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)

I hereby certify that a copy of the foregoing was filed electronically with the Clerk of the Court this 8th day of September, 2015 to be served either by operation of the Court's electronic filing system, or by First Class Mail, upon the following:

| | |
|---|---|
| William T. Dowd<br>Alex R. Lumaghi<br>211 North Broadway, Suite 4050<br>St. Louis, Missouri 63102<br>Bill@dowdlaw.net | Todd M. Johnson<br>4600 Madison Avenue, Suite 210<br>Kansas City, Missouri 64112<br>tjohnson@batyholm.com |
| Mark Floyd<br>8151 Clayton Road, Suite 202<br>St. Louis, Missouri 63117<br>mark@thefloydlawfirm.com | Michael D. Cerulo<br>231 S. Bemiston, Suite 230<br>St. Louis, Missouri 63105<br>mcerulo@batyholm.com |
| Attorneys for Plaintiffs Tina Moore and Estate of Jason Moore | Attorneys for Plaintiffs Delores Moore and Renee Rodgers, as Next Friend for A.D.R., a minor |

/s/ Peter J. Dunne

Dunne/shafaie