UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TINA MOORE, individually and as Personal Representative of the ESTATE OF JASON MOORE, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) ) ) | No. 4:14-cv-1443 SNLJ No. 4:14-cv-1447 SNLJ CONSOLIDATED |
| vs. | | |
| CITY OF FERGUSON, MISSOURI, et al., | ) ) ) | |
| Defendants. | ) | |

# MEMORANDUM and ORDER

Plaintiffs' decedent, Jason Moore, died during an altercation with police in Ferguson, Missouri. Plaintiffs are decedent's relatives; they have filed this lawsuit against the City of Ferguson, certain police officers, and other city officials. Plaintiffs seek documents from eight third parties regarding defendant Brian Kaminski's actual or prospective employment or training, including any personnel records and all records relating to training, employment, or denial of employment. The eight third parties are Wentzville Police Department, Webster Groves Police Department, University City Police Department, Professional Security Consultants, Maryland Heights Police Department, Florissant Police Department, Eastern Missouri Police Academy, and Cool Valley Police Department. Defendants have filed a motion for protective order (#38). The matter has been fully briefed and is now ripe for disposition.

I.   **Background**

Plaintiffs allege that defendant Kaminski improperly used a TASER device against plaintiffs' decedent, Jason Moore. Plaintiffs' complaint brings three counts against the

1

defendants. Count I is for violation of decedent's Fourth, Eighth, and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983 against defendant Kaminski and three other defendant officers. Count II is for municipal liability for violations of the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 and claims that the Ferguson police department's policies, customs, practices, and usages caused the instant constitutional deprivations. Count III is for wrongful death against defendant Kaminski and one other officer.

## II.    Discussion

The parties are now in discovery. Defendant Kaminski applied for employment with the five police departments served with subpoenas. He worked for the other three entities receiving subponeas, Professional Security Consultants, Cool Valley Police Department, and the Eastern Missouri Police Academy.[1] Plaintiffs explained to defense counsel that the documents requested from those eight entities might provide information about the qualifications or competency of defendant Kaminski. In addition, plaintiffs stated they were interested in any psychological testing that may have occurred, and they state that training information is relevant to their claims against the City of Ferguson regarding custom and policy and failure to adequately train its officers on use of force and handling individuals such as Mr. Moore.

Defendants object to production of the documents directly to plaintiffs' counsel because many of the documents may touch upon private, personal, and sensitive information (including defendant's birth certificate, social security information, medical information, residence address, and other information) that would violate defendant's

---

[1] Defendants' motion states Kaminski worked for Professional Security Consultants (identified by its agent, Paracorp Incorporated) and the Eastern Missouri Police Academy. Defendants' reply memorandum states that Kaminski worked for Professional Security Consultants and Cool Valley Police Department.

2

right to privacy. Defendants further argue that any psychological testing results or related documents are protected from disclosure under the psychotherapist privilege. Furthermore, defendants contend that to the extent plaintiffs seek to show that defendant Kaminski's behavior and performance in job interviews explains his behavior during the incident in question, that evidence is inadmissible under Federal Rule of Evidence 404. Defendants also assert that plaintiffs have not made a claim for negligent hiring or retention against the municipality, so the documents are irrelevant.

Plaintiffs report that only the Eastern Missouri Police Academy has responded with documents, and all the documents have been furnished to defense counsel. All the other records holders have either advised that there are no responsive records, or they have not responded at all. Plaintiffs do not state which subpoena recipients have not responded.

Plaintiffs agree that a police officer's personnel file and any complaints made against the officer can be confidential in nature and require a protective order. *See Donald v. Rast*, 927 F.2d 391 (8th Cir. 1991). Plaintiffs deny however that the production of the requested documents should be barred on the grounds that the subpoenas are meant to harass, annoy, embarrass, or oppress. They contend that records related to defendant Kaminski's training and prior work experiences may show background, skill, and training that he had as a law enforcement officer and whether he adequately put this training and knowledge to use. Plaintiffs also disclaim that they seek any records that that may be barred by the psychotherapist-patient privilege.

Defendants have produced defendant Kaminski's personnel file and training records pertaining to the Ferguson Police Department, subject to a protective order. The Court agrees that documents related to defendant Kaminski's training from entities other

3

than the City are irrelevant, as they do not relate to the claim that Ferguson failed to adequately train Kaminski.  Thus any training records from the Eastern Missouri Police Academy are not discoverable, and that subpoena will be cancelled.  On the other hand, the Court notes that defendants' refusal to disclose Kaminski's earlier experience and training might preclude defendants themselves from introducing any such evidence at trial, as well.

The subpoenas directed at police departments that did not employ defendant Kaminski will be cancelled.  The subpoenas directed at entities that did employ defendant Kaminski are also cancelled because, as defendants point out, no claim for negligent hiring or retention has been made.  Thus nothing in those files are relevant to the claims against Kaminski or the City, and they would not lead to the discovery of admissible evidence.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for protective order (#38) is GRANTED.

**IT IS FURTHER ORDERED** that the subpoenas directed to the Wentzville Police Department, Webster Groves Police Department, University City Police Department, Maryland Heights Police Department, Florissant Police Department, Eastern Missouri Police Academy, Cool Valley Police Department, and Professional Security Consultants are CANCELLED.

Dated this  2nd  day of October, 2015.

                                                STEPHEN N. LIMBAUGH, JR.
                                                UNITED STATES DISTRICT JUDGE