UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TINA MOORE, individually and as Personal Representative of the ESTATE OF JASON MOORE, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 4:14-cv-1443 SNLJ |
| vs. | ) ) ) | No. 4:14-cv-1447 SNLJ CONSOLIDATED |
| CITY OF FERGUSON, MISSOURI, et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM and ORDER

This matter is before the Court on plaintiffs' motion to deem admitted plaintiffs' Second Request for Admissions (#51). The matter has been fully briefed and is ripe for disposition.

**I.  Background**

Plaintiffs filed this action on August 19, 2014 alleging constitutional violations and the wrongful death of Jason Moore. On November 17, 2015, plaintiffs served their Second Request for Admissions ("Requests") pursuant to Fed. R. Civ. P. 36. Plaintiffs' Requests related to a United States Department of Justice report entitled "Investigation of the Ferguson Police Department" ("Report") issued on March 4, 2015.

In the wake of the shooting death of Michael Brown by an officer of the Ferguson Police Department on August 9, 2014, the Department of Justice opened an investigation to determine whether Ferguson Police officials engaged in a pattern or practice of violations of the United States Constitution or federal law. The Department of Justice's

1

findings resulting from the extensive investigation were set forth in the Report.

Plaintiffs contend that their Requests sought the application of law to fact in asking defendants to admit that the Report contains the findings of a legally authorized investigation for purposes of the public records exception to the hearsay rule pursuant to Fed. R. Evid. 803(8)(A)(iii). According to plaintiffs, their purpose in serving the Requests was to narrow the issues affecting the admissibility of the Report's findings under Rule 803.

Defendants provided a timely response to plaintiffs' Second Request for Admissions on December 16, 2015. Plaintiffs now assert that defendants' responses to Requests Nos. 2-4 and 10-47 are insufficient and move this Court to deem admitted plaintiffs' Second Request for Admissions or, in the alternative, order defendants to file amended responses.

**II.     Legal Standard**

A party may serve on another party a written request to admit the truth of any matters relating to "facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1). "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit it or deny it." Fed. R. Civ. P. 36(a)(4). When an answering party makes a denial, the party "must fairly respond to the substance of the matter." *Id*. Furthermore, "when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." *Id*. "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has

made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *Id.*

If the requesting party believes the answer is insufficient, the party may move to determine the answer's sufficiency. Fed. R. Civ. P. 36(a)(6). If a court finds "that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." *Id.*

## III. Discussion

In their Second Request for Admissions, plaintiffs sought to have defendants make admissions regarding the applicability of the hearsay rule's "public records exception" to the Department of Justice Report. *See* Fed. R. Evid. 803(8). Rule 803(8) allows public records that would otherwise be hearsay to be admitted under certain circumstances:

> **(8)** *Public records*. A record or statement of a public office if:
>     **(A)** it sets out:
>         **(i)** the offices activities;
>         **(ii)** a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or
>         **(iii)** in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and
>     **(B)** the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness.

In Requests Nos. 2 and 3, plaintiffs asked defendants to admit that the Report was a "legally authorized investigation" and that the Report sets out matters observed by the Department of Justice while "under a legal duty to report." Defendants denied both requests for admission, stating: "Denied for lack of knowledge. Defendant lacks sufficient knowledge or information to admit or deny the truthfulness of this request, and

therefor [sic] denies same."

In Requests Nos. 4 and 10-47, plaintiffs requested that defendants admit that certain statements made in the Report set forth the "factual findings of a legally authorized investigation" for purposes of Fed. R. Evid. 803(8)(A)(iii). Plaintiffs argue that their Requests relate to the application of law to fact as allowed by Rule 36. Defendants objected to these requests, giving the same answer to each and arguing that the issue of whether the report contains findings of a legally authorized investigation is a legal conclusion. Request No. 10 is representative:

> 10. The statement in the Department of Justice Report that the Ferguson Police Department "Engages in a Pattern of Unconstitutional Stops and Arrests in Violation of the Fourth Amendment" sets forth the "factual findings of a legally authorized investigation" for purposes of F.R.E. 803(8)(A)(iii).
>
> ANSWER: Denied. Defendant lacks sufficient knowledge or information to admit or deny the truthfulness of this request, and therefor [sic] denies same. Defendant further objects this request as calling for a legal conclusion that Exhibit A constitutes "findings" as Defendant understands that word. Defendant understands "findings" to be conclusions of an objective investigation where all evidence and facts in support of and opposing a point of view are considered and evaluated.

The purpose of requests for admission is "to eliminate issues that are not in dispute between the parties by establishing the admission of facts about which there is no real dispute, thus narrowing down the issues for trial." *Stockdale v. Stockdale*, No. 4:08-CV-1773 CAS, 2009 WL 5217001, at *1 (E.D. Mo. Dec. 30, 2009). Furthermore, requests for admission may pertain to the application of law to fact, but "pure legal conclusions, or the truth of legal conclusions, are outside the scope of requests for admission." *Pitts v. City of Cuba*, No. 4:10-CV-00274 ERW, 2012 WL 3765086, at *2 (E.D. Mo. Aug. 30, 2012).

4

The Court holds that the Requests involve permissible inquiries regarding application of law to facts. Here, plaintiffs request that defendants admit that the Department of Justice's Report (fact) contains the findings of a legally authorized investigation for purposes of Fed. R. Evid. 803(8) (law). Such Requests narrow the issues regarding the admissibility of the Report under Fed. R. Evid. 803(8).

The Court further holds that defendants' answers to plaintiffs' requests are insufficient. Defendants denied the requests, asserting that the Report did not constitute "findings." The Supreme Court has ruled, however, that portions of an investigatory report that include conclusions and opinions are admissible as long as the conclusions and opinions are based on factual investigations. *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 170 (1988). Rule 803(8) thus permits admission of the statements of fact, opinions, and conclusions of an agency, subject to the trustworthiness requirement of 803(8)(B). *Id*.

*Beech Aircraft* is dispositive: the Report in this case qualifies as a "finding" for the purposes of Rule 803(8)(A). As defendants' briefing makes clear, their real objection is not to the origin of the Report (they do not and cannot seriously contest that the Report was issued by a governmental agency following a legally authorized investigation), but to the trustworthiness of the Report. The trustworthiness of the Report is addressed by Rule 803(8)(B), and that is a matter wholly separate from the questions being asked by the plaintiffs. Plaintiffs ask only about whether the Report's contents constitute findings— and they clearly do under *Beech Aircraft*. Defendants' responses focus not on the question being asked, but instead on whether the "findings" in the Report are trustworthy.

The responses are therefore nonresponsive, and the Requests are deemed admitted.

Critically, however, the Court notes that defendants' real qualms regarding the Report are still preserved. Indeed, "a trial judge has the discretion, and indeed the obligation, to exclude an entire report or portions thereof—whether narrow 'factual' statements or broader 'conclusions'—that she determines to be untrustworthy." *Id*. at 167. Furthermore, as the Supreme Court noted in *Beech Aircraft*,

> safeguards built into other portions of the Federal Rules, such as those dealing with relevance and prejudice, provide the court with additional means of scrutinizing and, where appropriate, excluding evaluative reports or portions of them. And of course it goes without saying that the admission of a report containing "conclusions" is subject to the ultimate safeguard—the opponent's right to present evidence tending to contradict or diminish the weight of those conclusions.

*Beech Aircraft*, 488 U.S. at 167-68. Although plaintiffs' use of Rule 36 in this manner seems oddly timed and likely unnecessary in light of *Beech Aircraft*, defendants' responses border on frivolous. Plaintiffs' motion will be granted. Matters regarding admissibility of the Report and its findings will be addressed as part of other pretrial matters.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to deem admitted plaintiffs' second request for admission (#51) is **GRANTED**.

Dated this  6th   day of June, 2016.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE