**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TINA MOORE, Individually and as Personal | ) | |
| Representative of the ESTATE OF JASON | ) | |
| MOORE, DELORES MOORE, and | ) | |
| RENEE RODGERS, as Next Friend for | ) | |
| A.D.R., a Minor, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case Nos.      4:14-CV1443 SNLJ |
| | ) | 4:14-CV1447 SNLJ |
| | ) | (Consolidated) |
| BRIAN KAMINSKI, et al, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>PLAINTIFFS' PROPOSED JURY INSTRUCTIONS</u>

COME NOW Plaintiffs, and herewith submit the attached proposed jury instructions. Plaintiffs reserve the right to submit modified instructions in light of the Court's rulings, in light of Defendants' objections or proposed instructions, or to conform the instructions with the evidence adduced at trial.

Respectfully submitted,

DOWD & DOWD, P.C.

By:     /s/ William T. Dowd
WILLIAM T. DOWD (#39648MO)
ALEX R. LUMAGHI (#56569MO)
Attorneys for Plaintiff
211 North Broadway, Suite 4050
St. Louis, Missouri   63102
314/621-2500
Fax, 314/621-2503
bill@dowdlaw.net

and

/s/ Mark L. Floyd
MARK L. FLOYD (# 43643MO)
THE FLOYD LAW FIRM, P.C.
Attorneys for Plaintiff
8151 Clayton Rd., Suite 202
St. Louis, Missouri   63117
314/863-4114
Fax, 314/863-4150
mark@thefloydlawfirm.com

*Attorneys for Plaintiffs Tina Moore and*
*Estate of Jason Moore*

/s/Todd M. Johnson
TODD M. JOHNSON (48824MO)
9237 Ward Parkway, Suite 240
Kansas City, MO 64114
816/895-8800
Fax, 816/895-8801
tjohnson@vnjlaw.com
*Attorneys For Plaintiffs*
*Delores Moore And Renee Rodgers,*
*As Next Friend Of A.D.R, A Minor*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the above pleading was served via the Court's electronic filing system this 11th day of October, 2016 to all counsel of record.

   /s/ William T. Dowd

INSTRUCTION NO. 1

Members of the Jury Panel, if you have a cell phone, PDA, Blackberry, smart phone, iPhone and any other wireless communication device with you, please take it out now and turn it off. Do not turn it to vibration or silent; power it down. (Pause for thirty seconds to allow them to comply, then tell them the following:)

If you are selected as a juror, I understand you may want to tell your family, close friends, and other people about your participation in this trial so that you can explain when you are required to be in court, and you should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence. You must not post any information on a social network, or communicate with anyone, about the parties, witnesses, participants, claims, evidence, or anything else related to this case, or tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you discuss the case with someone other than the other jurors during deliberations, you may be influenced in your verdict by their opinions. That would not be fair to the parties and it would result in a verdict that is not based on the evidence and the law.

While you are in the courthouse and until you are discharged in this case, do not provide any information to anyone by any means about this case. Thus, for example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, Blackberry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or Website such as Facebook, MySpace, YouTube, or Twitter, or in any other way communicate to anyone any information about this case until I accept your verdict or until you have been excused as a

juror.

Do not do any research -- on the Internet, in libraries, in the newspapers, or in any other way -- or make any investigation about this case on your own.  Do not visit or view any place discussed in this case and do not use Internet programs or other device to search for or to view any place discussed in the testimony.  Also, do not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge until you have been excused as jurors.

The parties have a right to have this case decided only on evidence they know about and that has been presented here in court.  If you do some research or investigation or experiment that we don't know about, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, including the oath to tell the truth and by cross-examination.  Each of the parties is entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process.  If you decide a case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice.  It is very important that you abide by these rules.  Failure to follow these instructions could result in the case having to be retried.

8th Circuit Model Jury Instruction, 1.1 (Explanatory: Instructions Before Voir Dire) (2014)
(Modified)
Offered by Plaintiffs

INSTRUCTION NO. 2

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends.  Do not allow anyone to discuss the case with you or within your hearing.  "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you before.

Do not read any newspaper or other written account, watch any televised account, or listen to any radio program on the subject of this trial.  Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter.  You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly based solely on the evidence and my instructions on the law.  If you decide this case on anything else, you will have done an injustice.  It is very important that you follow these instructions.

I may not repeat these things to you before every recess, but keep them in mind until you are discharged.

8th Circuit Model Jury Instruction, 1.2 – Explanatory: Instructions at End of Voir Dire (2014)(Modified)
Offered by Plaintiffs

INSTRUCTION NO.3

Ladies and Gentlemen: I am now going to give you some instructions about this case and about your duties as jurors. At the end of the trial I will give you more instructions.  I may also give you instructions during the trial.  All instructions - those I give you now and those I give you later - whether they are in writing or given to you orally – are equally important and you must follow them all.

You must leave your cell phone, PDA, smart phone, iPhone, tablet computer, and any other wireless communication devices in the jury room during the trial and may only use them during breaks.  However, you are not allowed to have those devices in the jury room during your deliberations. You may give them to the bailiff for safekeeping just before you start to deliberate. They will be returned to you when your deliberations are complete.

This is a civil case brought by the plaintiffs against the defendants.   It will  be your duty to decide from the evidence whether the plaintiffs are entitled to a verdict against the defendants.

Your duty is to decide what the facts are from the evidence.  You are allowed to consider the evidence in the light of your own observations and experiences.  After you have decided what the facts are, you will have to apply those facts to the law, which I give you in these and in my other instructions.  That is how you will reach your verdict.  Only you will decide what the facts are.  However, you must follow my instructions, whether you agree with them or not. You have taken an oath to follow the law that I give you in my instructions.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any reasons they might have to testify a certain way, how they act while testifying, whether they said something different at another time, whether their testimony is generally reasonable, and how consistent their testimony is with other evidence that you believe.

Do not let sympathy, or your own likes or dislikes, influence you.  The law requires you to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my instructions, and nothing else.

Nothing I say or do during this trial is meant to suggest what I think of the evidence or I think your verdict should be.

8th Circuit Model Jury Instruction, 1.3 - Explanatory:  General;  Nature of Case; Burden of Proof;  Duty of Jury; Cautionary (2014) (Modified)
Offered by Plaintiffs

INSTRUCTION NO. 4

When I use the word "evidence," I mean the testimony of witnesses; documents and other things I receive as exhibits; facts that I tell you the parties have agreed are true; and any other facts that I tell you to accept as true.

Some things are not evidence. I will tell you now what is not evidence:

1.      Lawyers' statements, arguments, questions, and comments are not evidence.

2.      Documents or other things that might be in court or talked about, but that I do not receive as exhibits, are not evidence.

3.      Objections are not evidence. Lawyers have a right – and sometimes a duty – to object when they believe something should not be a part of the trial.  Do not be influenced one way or the other by objections.  If I sustain a lawyer's objection to a question or an exhibit, that means the law does not allow you to consider that information.  When that happens, you have to ignore the question or the exhibit, and you must not try to guess what the information might have been.

4 .      Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence, and you must not consider them.

5.      Anything you see or hear about this case outside the courtroom is not evidence, and you must not consider it unless I specifically tell you otherwise.

Also, I might tell you that you can consider a piece of evidence for one purpose only, and not for any other purpose.  If that happens, I will tell you what purpose you can consider the evidence for and what you are not allowed to consider it for.

Some of you may have heard the terms "direct evidence" and "circumstantial

evidence." You should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

8th Circuit Model Jury Instruction, 1.4 – Explanatory: Evidence; Limitations (2014)
Offered by Plaintiffs

INSTRUCTION NO. 5

During the trial, I will sometimes need to talk privately with the lawyers.  I may talk with them here at the bench while you are in the courtroom, or I may call a recess and let you leave the courtroom while I talk with the lawyers.  Either way, please understand that while you are waiting, we are working.  We have these conferences to make sure that the trial is proceeding according to the law and to avoid confusion or mistakes.  We will do what we can to limit the number of these conferences and to keep them as short as possible.

8th Circuit Model Jury Instruction, 1.5 – Explanatory: Bench Conferences and Recesses (2014)
Offered by Plaintiffs

INSTRUCTION NO. 6

At the end of the trial, you will have to make your decision based on what you recall of the evidence.  You will not have a written copy of the testimony to refer to.  Because of this, you have to pay close attention to the testimony and other evidence as it is presented here in the courtroom.

8th Circuit Model Jury Instruction, 1.6 - Explanatory: No Transcript Available (2014) (Modified)
Offered by Plaintiffs

INSTRUCTION NO. 7

Jurors, to make sure this trial is fair to all parties, you must follow these rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to consider your verdict.

 *Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

 *Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone tries to talk to you about the case during the trial, please report it to the bailiff.

 *Fourth*, during the trial, do not talk with or speak to any of the parties, lawyers, or witnesses in this case – not even to pass the time of day.  It is important not only that you do justice in this case, but also that you act accordingly.  If a person from one side of the lawsuit sees you talking to a person from the other side –  even if it is just about the weather – that might raise a suspicion about your fairness.  So, when the lawyers, parties and witnesses do not speak to you in the halls, on the elevator or the like, you must understand that they are not being rude.  They know they are not supposed to talk to you while the trial is going on, and they are just following the rules.

 *Fifth*, you may need to tell your family, close friends, and other people that you are a part of this trial.  You can tell them when you have to be in court, and you can warn them not to ask you about this case, tell you anything they know or think they know about this case, or talk about this case in front of you.  But, you must not communicate with anyone or post information about the parties, witnesses, participants, claims, evidence, or anything else

related to this case.  You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you talk about the case with someone besides the other jurors during deliberations, it looks as if you might already have decided the case or that you might be influenced in your verdict by their opinions.  That would not be fair to the parties, and it might result in the verdict being thrown out and the case having to be tried over again.  During the trial, while you are in the courthouse and after you leave for the day, do not give any information to anyone, by any means, about this case.

For example, do not talk face-to-face or use any electronic device, such as a telephone, cell phone, smart phone, Blackberry, PDA, computer, or computer-like device. Likewise, do not use the Internet or any Internet service; do not text or send instant messages; do not go on an Internet chat room, blog, or other websites such as Facebook, MySpace, YouTube, or Twitter.  In other words, do not communicate with anyone about this case – except for the other jurors during deliberations – until I accept your verdict.

*Sixth*, do not do any research -- on the Internet, in libraries, newspapers, or otherwise – and do not investigate this case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or other means to search for or view any place discussed in the testimony. Also, do not look up any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the court.

*Seventh*, do not read any news stories or Internet articles or blogs that are about the case, or about anyone involved with it.  Do not listen to any radio or television reports about the case or about anyone involved with it. I do not know whether there will be news reports about this case, but if there are, you might accidentally find yourself reading or listening to

something about the case.   If you want, you can have someone clip out any stories and set them aside to give to you after the trial is over.

The parties have a right to have you decide their case based only on evidence admitted here in court.  If you research, investigate, or experiment on your own, or get information from other sources, your verdict might be influenced by inaccurate,  incomplete, or misleading information.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through cross-examination. All  of the parties are entitled to a fair trial and an impartial jury, and you have to conduct  yourselves in a way that assures the integrity of the trial process.  If you decide a case based on information not admitted in court, you will deny the parties a fair trial.  You will  deny them justice.  Remember, you have taken an oath to follow the rules, and you must do so.  If you do not, the case might have to be retried, and you could be held in contempt  of court and possibly punished.

*Eighth*, do not make up your mind during the trial about what your verdict should be. Keep an open mind until after you and your fellow jurors have discussed all the evidence.

8th Circuit Model Jury Instruction, 1.8 - Explanatory: Conduct of the Jury (2014) (Modified)
Offered by Plaintiffs

INSTRUCTION NO. 8

The trial will proceed in the following manner:

First, the plaintiffs' lawyer may make an opening statement.  Next, the  defendants' lawyer may make an opening statement. An opening statement is not  evidence, but it is a summary of the evidence the  lawyers expect you will see and hear during the trial.

After opening statements, the plaintiffs will then present evidence.  The  defendants' lawyer will have a chance to cross-examine the plaintiffs' witnesses.  After the plaintiffs have finished presenting their case, the  defendants may present evidence, and the plaintiffs' lawyers will have a chance to  cross-examine their witnesses.

8th Circuit Model Jury Instruction, 1.9 - Explanatory: Outline of Trial (2014)
Offered by Plaintiffs

INSTRUCTION NO. 9

Testimony will now be presented to you in the form of a deposition.  A deposition is the recorded answers a witness made under oath to questions asked by lawyers before trial.  The deposition testimony to be offered was electronically videotaped and that recording now will be played for you.  You should consider the deposition testimony, and judge its credibility, as you would that of any witness who testifies here in person.

8th Circuit Model Jury Instruction, 2.14 – Explanatory: Deposition Evidence at Trial (2014)
Offered by Plaintiffs

INSTRUCTION NO. 10

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect.  Now I am going to give you some additional instructions.

You have to follow all of my instructions – the ones  I gave you earlier, as well as those I give you now.  Do not single out some instructions and ignore others, because they are all important.

You will have copies of the instructions I am about to give you now in the jury room. Remember, you have to follow all  instructions, no matter when I give them, whether or not you have written copies.

8th Circuit Model Jury Instruction, 3.1 (Explanatory: Additional Instructions) (2014)
Offered by Plaintiffs

INSTRUCTION NO. 11

I have not intended to suggest what I think your verdicts should be by any of my

rulings or comments during the trial.

8th Circuit Model Jury Instruction, 3.2 (Explanatory: Judge's Opinion) (2014) (Modified)
Offered by Plaintiffs

INSTRUCTION NO. 12

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time;  whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

8th Circuit Model Jury Instruction, 3.3 (Explanatory: Credibility of Witnesses) (2014) (Modified)
Offered by Plaintiffs

INSTRUCTION NO. 13

You will have to decide whether certain facts have been proved by the greater weight of the evidence.  A fact has been proved by the greater weight of the evidence, if you find that it is more likely true than not true.  You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt."  That is a stricter standard than "more likely true than not true."  It applies in criminal cases, but not in this civil case; so put it out of your mind.

8th Circuit Model Jury Instruction, 3.4 (Explanatory: Burden of Proof, Ordinary Civil Case) (2014) (Modified)
Offered by Plaintiffs

INSTRUCTION NO. 14

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson.  That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room.  You should try to reach agreement, if you can do this without going against what you believe to be the truth, because all jurors have to agree on the verdict.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a verdict. Remember you are not for or against any party.  You are judges – judges of the facts. Your only job is to study the evidence and decide what is true.

*Third*, if you need to communicate with me during your deliberations, send me a note signed by one or more of you.  Give the note to the bailiff and I will answer you as soon as I can, either in writing or here in court.  While you are deliberating, do not tell anyone - including me - how many jurors are voting for any side.

*Fourth*, your verdict has to be based only on the evidence and on the law that I have given to you in my instructions.   Nothing I have said or done was meant to suggest what I think your verdict should be.  The verdict is entirely up to you.

*Finally*, the verdict form is your written decision in this case. You will take these forms to the jury room, and when you have all agreed on the verdicts, your foreperson will fill in the forms, sign and date them,  and tell the bailiff that you are ready to return to the  courtroom.

8th Circuit Model Jury Instruction, 3.6 (Explanatory: Election of Foreperson; Duty to Deliberate; Communications with Court; Cautionary; Unanimous Verdict; Verdict Form) (2014)
Offered by Plaintiffs

INSTRUCTION NO. 15

Your verdict must be for the plaintiffs and against defendant Kaminski for the use of excessive force against Jason Moore if all the following elements have been proved:

*First*, the defendant used a Taser on Jason Moore when detaining him; and

*Second*, the subsequent use of the TASER by defendant Kaminski after the first discharge was excessive because it was not reasonably necessary to detain Jason Moore, and

*Third*, defendant Kaminski's actions directly caused or directly contributed to cause Jason Moore's death.

In determining whether the force was "excessive," you must consider: the need for the application of force; the relationship between the need and the amount of force that was used the extent of the injury inflicted; and whether a reasonable officer on the scene, without the benefit of hindsight, would have used that much force under similar circumstances.  You must determine whether the officer's actions were reasonable in the light of the facts and circumstances confronting the officer without regard to the officer's own state of mind, intention or motivation.

If any of the above elements has not been proved, then your verdict must be for the defendant.

Use Verdict Form A to return your verdict on this instruction.

8th Circuit Model Jury Instruction, 4.40 "Excessive Use of Force – Arrest or Other Seizure of Person – Before Confinement – Fourth Amendment" (2014) (Modified)
MAI 19.01 – "Verdict Directing Modification – Multiple Causes of Damage" (1986 Revision)
Offered by Plaintiffs

INSTRUCTION NO. 16

If you find in favor of the Plaintiffs, you must award Plaintiffs an amount of money that will fairly compensate Jason Moore for any damages you find that Jason Moore sustained as a direct result of the conduct of defendant Kaminski as submitted in Instruction 15. You should consider the following damages:

1.   The physical pain and mental suffering Jason Moore experienced;

2.   The nature and extent  of the injury to Jason Moore;

3.   The nature and extent of any deprivation of Jason Moore's right to be free from the use of excessive force;

4.   Jason Moore's loss of consortium with his family members.

8th Circuit Model Jury Instruction, 4.70 (Damages: Actual – Prisoner Civil Rights) (2014) (Modified); *Andrews v. Neer*, 253 F.3d 1052 (8th Cir. 2001), citing *Berry v. City of Muskogee, Okl.,* 900 F.2d 1489, 1507 (10th Cir. 1990)
Offered by Plaintiffs

INSTRUCTION NO. 17


In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award punitive damages. If you find in favor of the plaintiff under Instruction 15, and if it has been proved that the conduct of defendant Kaminski as submitted in Instruction 15 was malicious or recklessly indifferent to Jason Moore's rights, then you may, but are not required to, award the plaintiff an additional amount of money as punitive damages for the purposes of punishing the defendant for engaging in misconduct and deterring  the defendant and others from engaging in similar misconduct in the future.  You should presume that plaintiffs have been made whole for their injuries by the damages awarded under Instruction 16.

 If you decide to award punitive damages, you should consider the following in deciding  the amount of punitive damages to award:

1.      How reprehensible the defendant's conduct was.  In this regard, you may consider  whether there was  violence, deceit, intentional malice, reckless disregard for human health or safety.

2.      How much harm the defendant's wrongful conduct caused Jason Moore and the Plaintiffs.

3.      What amount of punitive damages, in addition to the other damages already awarded, is needed, considering the defendant's financial condition, to punish the defendant for his wrongful conduct toward the plaintiff and to discourage the defendant and others  from similar wrongful conduct in the future.

4.      The amount of any punitive damages award should bear a reasonable

relationship to the harm caused to Jason Moore and the Plaintiffs.

8th Circuit Model Jury Instruction, 4.72 - Damages: Punitive  - Civil Rights (2014) (Modified)
Offered by Plaintiffs

INSTRUCTION NO. 18

In order to prevail on Plaintiffs' § 1983 claim against defendant City of Ferguson alleging liability based on an official policy, practice, or custom, the plaintiff must prove each of the following elements by the greater weight of the evidence:

1.      The subsequent use of the TASER by defendant Kaminski after the first discharge was excessive because it was not reasonably necessary to detain Jason Moore; and

2.      Defendant Kaminski acted pursuant to a longstanding practice or custom of the defendant City of Ferguson.

3.      The defendant City of Ferguson's longstanding practice or custom caused the deprivation of the plaintiff's rights by Defendant Kaminski; that is, the City of Ferguson's longstanding practice or custom is so closely related to the deprivation of Jason Moore's rights as to be the moving force that caused the ultimate injury.

 "Longstanding practice or custom" means any permanent, widespread, well-settled practice or custom that constitutes a standard operating procedure of the defendant City of Ferguson.  A longstanding practice or custom can be established by repeated constitutional violations that were not properly investigated and for which the violators were not disciplined, reprimanded or punished.

If you find that the plaintiffs have proved each of these elements, and if you find that the plaintiffs have proved all the elements they are required to prove under Instruction 15, your verdict should be for the plaintiffs.  If, on the other hand, you find that the plaintiffs have failed to prove any one or more of these elements, your verdict should be for the defendant.

9th Circuit Model Jury Instruction, 9.5 - Section 1983 claim against local governing body defendants based on official policy, practice or custom – elements and burden of proof (2014) (Modified) Offered by Plaintiffs

INSTRUCTION NO. 19

If you find in favor of the Plaintiffs, you must award Plaintiffs an amount of money that will fairly compensate Jason Moore for any damages you find that Jason Moore sustained as a direct result of the conduct of defendant City of Ferguson as submitted in Instruction 18. You should consider the following damages:

1.   The physical pain and mental suffering Jason Moore experienced;

2.   The nature and extent of the injury to Jason Moore;

3.   The nature and extent of any deprivation of Jason Moore's right to be free from the use of excessive force;

4.   Jason Moore's loss of consortium with his family members.

8th Circuit Model Jury Instruction, 4.70 (Damages: Actual – Prisoner Civil Rights) (2014) (Modified); *Andrews v. Neer*, 253 F.3d 1052 (8th Cir. 2001), citing *Berry v. City of Muskogee, Okl.,* 900 F.2d 1489, 1507 (10th Cir. 1990)
Offered by Plaintiffs

INSTRUCTION NO. 20

To succeed on their claim against Defendant Jackson, Plaintiffs must prove each of the following things by the greater weight of the evidence:

1.	The subsequent use of the TASER by defendant Kaminski after the first discharge was excessive because it was not reasonably necessary to detain Jason Moore;

2.	Defendant Jackson knew that Officers he supervised had a practice of using excessive force in similar situations;

3.	Defendant Jackson purposely ignored officers' practice of using excessive force in similar situations;

4.	As a result, Plaintiff was injured.

If you find that Plaintiffs have proved each of these things by the greater weight of the evidence, then you should find for Plaintiffs, and go on to consider the question of damages. If, on the other hand, you find that Plaintiffs have failed to prove any one of these things by a preponderance of the evidence, then you should find for Defendant Jackson, and you will not consider the question of damages.

7th Circuit Model Jury Instruction, 7.17- Liability of Supervisors: Elements (2015) (Modified)
Offered by Plaintiffs

INSTRUCTION NO. 21


If you find in favor of the Plaintiffs, you must award Plaintiffs an amount of money that will fairly compensate Jason Moore for any damages you find that Jason Moore sustained as a direct result of the conduct of defendant Jackson as submitted in Instruction 20. You should consider the following damages:

1.   The physical pain and mental suffering Jason Moore experienced;

2.   The nature and extent of the injury to Jason Moore;

3.   The nature and extent of any deprivation of Jason Moore's right to be free from the use of excessive force;

4.   Jason Moore's loss of consortium with his family members.


8th Circuit Model Jury Instruction, 4.70 (Damages: Actual – Prisoner Civil Rights) (2014) (Modified); *Andrews v. Neer*, 253 F.3d 1052 (8th Cir. 2001), citing *Berry v. City of Muskogee, Okl.,* 900 F.2d 1489, 1507 (10th Cir. 1990)
Offered by Plaintiffs

INSTRUCTION NO. 22

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award punitive damages. If you find in favor of the plaintiff under Instruction 20, and if it has been proved that the conduct of defendant Jackson as submitted in Instruction 20 was malicious or recklessly indifferent to Jason Moore's rights, then you may, but are not required to, award the plaintiff an additional amount of money as punitive damages for the purposes of punishing the defendant for engaging in misconduct and deterring  the defendant and others from engaging in similar misconduct in the future.  You should presume that plaintiffs have been made whole for their injuries by the damages awarded under Instruction 21.

 If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

1.	How reprehensible the defendant's conduct was.  In this regard, you may consider whether there was reckless disregard for human health or safety.

2.	How much harm the defendant's wrongful conduct caused Jason Moore and the Plaintiffs.

3.	What amount of punitive damages, in addition to the other damages already awarded, is needed, considering the defendant's financial condition, to punish the defendant for his wrongful conduct toward the plaintiff and to discourage the defendant and others from similar wrongful conduct in the future.

4.	The amount of any punitive damages award should bear a reasonable relationship to the harm caused to Jason Moore and the Plaintiffs.

8th Circuit Model Jury Instruction, 4.72 - Damages: Punitive  - Civil Rights (2014) (Modified)
Offered by Plaintiffs

## VERDICT FORM A

**Note:**          Complete this form by writing in the names required by your verdict.

On plaintiffs' claim against defendant Kaminski, as submitted in Instruction No. 15, we find in favor of

_____
          (Plaintiffs)                    or                    (Defendant Kaminski)

On plaintiffs' claim against defendant City of Ferguson, as submitted in Instruction No. 18, we find in favor of

_____
          (Plaintiffs)                    or                    (Defendant City of Ferguson)

On plaintiffs' claim against defendant Jackson, as submitted in Instruction No. 20, we find in favor of

_____
          (Plaintiffs)                    or                    (Defendant Jackson)

**Note:**          Complete the following paragraphs only if one or more of the above findings is in favor of the plaintiff.

We find plaintiffs' damages to be:

$_____ (stating the amount, or if you find that the plaintiff's damages have no monetary value, state the nominal amount of $1.00).[2]

**Note:**          You may not award punitive damages against any defendant unless you have first found against that defendant and awarded the plaintiff nominal or actual damages.

We assess punitive damages against defendant Kaminski as follows:

$_____(state the amount or, if none, write the word "none").

We assess punitive damages against defendant Jackson as follows:

$_____(state the amount or, if none, write the word "none").

_____

Foreperson

Date: _____

8th Circuit Model Jury Instruction, 4.80 – "Prisoner/Pretrial Detainee Civil Rights Cases – General Verdict Form, One Plaintiff Two Defendants, One Injury Case" (2014) (Modified)

Submitted by Plaintiffs

INSTRUCTION NO. 23

On the claim of Plaintiffs for compensatory damages for the wrongful death of Jason

Moore against defendant Kaminski, your verdict must be for plaintiffs if you believe:

First, defendant Kaminski intentionally used a Taser on Jason Moore, and

Second, defendant Kaminski used more force than was reasonably necessary in the

subsequent use of the TASER after the first discharge, and

Third, defendant Kaminski thereby directly caused or directly contributed to cause the

death of Jason Moore.

MAI 23.02, "Verdict Directing – Battery" (1990 Revision), Comment 2 (modified); MAI 19.01 –
"Verdict Directing Modification – Multiple Causes of Damage" (1986 Revision); Collins v.
Hertenstein, 90 S.W.3d 87, 107 (Mo.App. 2002)
Submitted by Plaintiffs

INSTRUCTION NO. 24

If you find in favor of Plaintiffs under Instruction No. 23, then you must award Plaintiffs

such sum as you believe will fairly and justly compensate Plaintiffs for any damages you believe

Plaintiffs, and decedent Jason Moore, sustained and are reasonably certain to sustain as a direct

result of the fatal injury to Jason Moore.

MAI 5.01 Damages – Wrongful Death (1996 Revision) (Modified)
Submitted by Plaintiffs

INSTRUCTION NO. 25

If you find the issues in favor of plaintiffs, and if you believe the conduct of defendant

Kaminski as submitted in Instruction Number 23  was outrageous because of defendant's evil

motive or reckless indifference to the rights of others, then in addition to any damages to which

you find plaintiff entitled under Instruction Number 24 , you may award plaintiff an additional

amount as punitive damages in such sum as you believe will serve to punish defendant and to

deter defendant and others from like conduct.

MAI 10.01 (Damages – Exemplary – Outrageous Conduct – Intentional Torts) (2008 Revision)
(Modified)
Submitted by Plaintiffs

VERDICT FORM B

**Note:**  Complete this form by writing in the names required by your verdict.

On the wrongful death claim of the plaintiffs, as submitted in Instruction 23, we find in favor of

_____

(Plaintiffs)                      or                  (Defendant Kaminski)

**Note:**  Complete the following paragraphs only if the above finding is in favor of the plaintiffs. If the above finding is in favor of the defendant, have your foreperson sign and date this form because you have completed your deliberation on this claim.

We find plaintiffs' damages as defined in Instruction 24 to be:

$_____ (stating the amount, or if you find that the plaintiff's damages have no monetary value, set forth a nominal amount such as $1.00).

We assess punitive damages against defendant Kaminski, as submitted in Instruction 25, as follows:

$_____(stating the amount or, if none, write the word "none").


_____

Foreperson


Date: _____

8th Circuit Model Jury Instruction 13.80 - General Verdict Form (42 U.S.C. § 1983) (2014) (Modified)
Submitted by Plaintiffs