# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TINA MOORE, ET AL, | |
| Plaintiffs, | Case No.:   4:14-CV-1443 SNLJ |
| | 4:14-CV-1447 SNLJ |
| v. | (Consolidated) |
| CITY OF FERGUSON, ET AL | |
| Defendants. | |

## PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO BAR CHARACTER EVIDENCE REGARDING DECEDENT JASON MOORE

Defendants seek to offer evidence that (1) decedent Jason Moore had a Class C felony conviction of Distribution of a Controlled Substance, namely distribution of less than five grams of marijuana, from nine years ago; (2) Jason Moore was on probation; and (3) Jason Moore had an "active arrest warrant" at the time of his death.  The warrant arose from a charge of Failure to Appear, a City of Ferguson municipal ordinance violation. *See* Defendants Motion in Limine No. 7, Doc. 118, p. 4; Defendants Trial Exhibit E.

As set forth in Plaintiffs' Motion in Limine No. 14 and in Plaintiffs' Memorandum in Opposition to Defendants Motion in Limine No. 7, this evidence is irrelevant for the proffered reason that it goes to Jason Moore's motivation, because it is simply not material or relevant in a civil rights excessive force case, which is concerned with whether the officer's actions were objectively reasonable based on the facts and circumstances confronting the officer. See Doc. 127; p. Doc. 133, p.3. *See also Porter v. Campbell*, No. 12-2092, 2013 WL 2949154, at *2 (C.D. Ill. June 14, 2013); *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 539 (E.D.N.Y. 2011);

*Greenfield v. City of N.Y.*, No. 99 CIV. 2330 (AJP), 2000 WL 124992, at *12 (S.D.N.Y. Feb. 3, 2000).

In light of this clear legal authority, Defendants now focus their argument on the fact that Plaintiffs will testify regarding their lost relationship with decedent Jason Moore in order to show damages for loss of consortium under the Missouri Wrongful Death statute, Section 537.090 R.S.Mo.  For the reasons discussed below, the evidence should be excluded because Plaintiffs will not "open the door" to the use of such evidence by introducing evidence of decedent's character.

**I.     The Missouri Wrongful Death Statute distinguishes between economic damages and non-economic damages and Plaintiffs have abandoned any claim for economic damages**

The Missouri Wrongful Death Statute Section 537.090 R.S.Mo. governs Plaintiffs recoverable damages under Plaintiffs' Count III.  On its face, the statute distinguishes between "pecuniary losses suffered by reason of the death," i.e. economic damages, and non-economic damages for the "services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of which those on whose behalf suit may be brought have been deprived by reason of such death." *See Id*.

Missouri courts accordingly distinguish between economic damages, such as medical and funeral bills, the loss of financial support, and the economic value of loss of household services, from non-economic damages arising from loss of consortium in analyzing what is recoverable under the statute. *See Hawley v. Tseona*, 453 S.W.3d 837 (Mo. App. 2014); *Delacroix v. Doncasters, Inc.*, 407 S.W.3d 13, 37 (Mo.App. 2013).  Plaintiffs have agreed that they are not seeking any economic damages in this case, including lost income, funeral and medical expenses, and have filed a stipulated dismissal to that effect. *See* Doc. 126.

Defendants are not entitled to introduce any and all evidence of bad character of the decedent simply because this is a wrongful death case. *See Clement v. Consol. Rail Corp.,* 130 F.R.D. 530, 542 (D.N.J. 1990), quoting *St. Clair v. Eastern Air Lines, Inc.,* 279 F.2d 119 (2d Cir. 1960) ("[T]hat some aspects of a decedent's character may properly be shown in determining the damages to be awarded in a wrongful death action does not mean, however, that all his habits and qualities are relevant. The defendant should not be permitted to put in evidence anything he may unearth which reflects unfavorably upon the decedent.")  Plaintiffs respectfully submit that Defendants must show that the evidence is relevant to addressing the specific damages that Plaintiffs seek and the evidence that Plaintiffs submit support of that claim, and that the probative value of the evidence outweighs its clear prejudicial effect.

*Collins v. Hertenstein*, 90 S.W.3d 87, 100 (Mo.App. 2002) involved a claim under Missouri's wrongful death statute against officers who shot and killed the plaintiffs' son after a high speed pursuit.  The officers offered evidence that the minor decedent "possessed drugs and appeared to be an active drug dealer, that he had been arrested twice, that he had served time in a halfway house, and that he was not even living full-time at Collins' home," contending that this evidence went to the decedent's character and state of mind. *Id*. at 100.  The defendants contended that the plaintiffs had "opened the door" for character evidence by "characterizing Wilson's actions as those of a scared teenager who sneaked out of his house, drove a vehicle without being of legal age, committed traffic violations and attempted to flee from the police" including repeatedly referring to the decedent as a "kid" and "child." *Id*. at 100.  Counsel for defendants made objections on this basis at trial; however defendants failed to preserve the issue for appeal by making an offer of proof.  Nevertheless, the court found no clear error in excluding

3

this evidence. *Id.*[1] *See also Warren v. Shilling*, No. 2:12-CV-13, 2015 WL 1726787, at *5 (W.D. Mich. Apr. 15, 2015) (Excluding evidence of decedent's "personal troubles" including criminal convictions and other prior bad acts in Sec. 1983 wrongful death claim on grounds of relevance, despite plaintiffs' loss of consortium claim).

Here, Plaintiffs may show non-economic damages for loss of consortium by offering evidence regarding "the physical, emotional, and psychological relationship" between Plaintiffs and decedent Jason Moore. *See Hawley*, 453 S.W.3d at 845. However, Plaintiffs do not intend to offer any evidence that Jason Moore (1) was a good or honest person, or other positive descriptions of Jason's character; (2) had a character for performing charitable or admirable acts; or (3) was a regular church goer. Plaintiffs also will not offer evidence regarding Jason's baptism in the time period leading up to his death. Instead, Plaintiffs tend to offer concise testimony from the Plaintiffs regarding (1) activities they engaged in with Jason; and (2) the fact that Plaintiffs loved Jason and miss him.

Plaintiffs respectfully submit that this evidence does not inject Jason Moore's character as an issue in this trial. Nor can Defendants show why the evidence of a criminal conviction for distribution of a small amount of marijuana, which resulted in probation and not lengthy incarceration, would be relevant and probative for the jurors in disproving the evidence presented by Plaintiffs. The prejudicial value would be immense, which is exactly why Defendants seek, by any means possible, to inject it into this case.

---

[1] The defendants also sought to offer evidence regarding the plaintiffs in the aggravating circumstances phase of the trial, including that one of the plaintiff family members had "been convicted on more than one occasion and is now and has previously served time in jail"; that another plaintiff had been arrested and had currently pending charges involving drugs and possession of drugs and that the decedent was in possession of drugs and the paraphernalia of a drug dealer at the time of his death. *Id.* at 103. Again, the court of appeals found no error in the exclusion of this evidence.

**II. Defendants Exhibit E should not be submitted or published to the jury because it refers to other charges and misdemeanor convictions**

Defendants offer their Exhibit E as proof of the 2007 conviction for distribution of less than 5 grams of marijuana, a C Class felony under Missouri law.  As noted in Plaintiffs' Memorandum in Opposition to Defendants' Motions in Limine, this document contains inadmissible hearsay, and lacks any foundation whatsoever (defendants have not provided a business record affidavit pursuant to F.R.E. 902(11) or other competent evidence of the document's foundation), and should be excluded for this reason alone.  Furthermore, the document contains references to misdemeanor stealing conviction from some fifteen years ago, a misdemeanor marijuana possession conviction that accompanied his 2007 conviction, and criminal charges which are inadmissible and which would further prejudice the jury against the decedent.

**III. Whether Jason was on probation and had an "active warrant" is not relevant, is highly prejudicial and would confuse the jury in relation to the excessive force claim.**

As discussed above, Defendants initially sought to have the fact that Jason was on probation and had an "active warrant" admitted to show Jason's "motivation" in his interaction with Officer Kaminski.  As Plaintiffs have shown, this evidence is immaterial, improper and inadmissible for this purpose in an excessive force case, which focuses on the conduct of Officer Kaminski and the facts of which he was aware.  Because Defendants' principal purpose in offering this evidence was to show motivation, rather than decedent's character, it should be excluded as irrelevant and unduly prejudicial.

Even if the Court determines that Plaintiffs have "opened the door" to character evidence in this case in relation to wrongful death damages, the evidence that Jason Moore had an "active arrest warrant" for failure to appear on a municipal charge would be completely irrelevant and

5

the prejudicial value far outweighs any theoretical relevance.  An outstanding warrant for an underlying municipal charge that was never resolved is not a criminal conviction. Notably, even municipal court *convictions* unrelated to issues in the case on trial are generally inadmissible. *See Hollingsworth v. Quick*, 770 S.W.2d 291, 295 (Mo.App. 1989).  Further, the evidence is simply not probative of the relationship between Jason Moore and the Plaintiffs.

Additionally, the fact that Jason had a municipal warrant is likely to confuse the jury on an issue which is not before them: Whether Officer Kaminski had probable cause to detain Jason Moore.  Plaintiffs have *not* contested that issue and it is not an issue to be resolved by the jury in this excessive force case.  Reference to a "warrant" for Jason's arrest is likely to influence the jury's analysis of the use of force issue and improperly bolster Officer Kaminski's actions, despite being irrelevant as a matter of law to the issue because Officer Kaminski was unaware of the existence of the warrant.

Defendants allege that Jason's probation was the result of the 2007 conviction, which Defendants seek to have admitted separately.  Evidence regarding probation is therefore cumulative, repetitive and adds no relevance to whatever limited relevance the underlying conviction may have.   And the fact that Jason may have been on probation would carry the same risk of introducing confusion to the jury regarding Officer Kaminski's use of force, despite being entirely irrelevant to that question.

**IV.     Should the Court permit Defendants to introduce evidence of criminal convictions, prior bad acts or other evidence of decedent Jason Moore's character, Plaintiffs are entitled to a limiting instruction.**

Should the Court admit evidence of the prior felony conviction of Jason Moore on the limited issue of damages to the Plaintiffs, Plaintiffs are entitled to a limiting instruction to attempt to prevent the inevitable prejudice to Plaintiffs in relation to the other issues in the case,

6

including whether Officer Kaminski's use of force was objectively reasonable. Plaintiffs will submit a proposed limiting instruction in the event that the Court permits such evidence.

## CONCLUSION

As Plaintiffs have shown, evidence of Jason Moore's character is completely irrelevant to Defendant Kaminski's use of force. Nevertheless, Defendants seek to introduce evidence of character for the improper purpose of suggesting that Jason Moore's death was in effect caused by him being a bad person. Should evidence of the 2007 conviction be admitted at trial, counsel for Plaintiffs anticipates that counsel for defendants will seek to refer to and characterize Jason Moore as a "drug dealer" at every possible juncture for the purpose of suggesting to the jury that Moore deserved what happened to him. This is highly improper and intended only to inflame the jury against Plaintiffs and Jason Moore.

Plaintiffs respectfully submit to the Court that it would be an injustice to try this case based, not on the fundamental question of whether Officer Kaminski acted within the law and the Constitution when he killed Jason Moore, but instead on Jason Moore experiencing trouble with the law in his life. This is particularly the case as Jason Moore is not here to defend himself. Moreover, in our country, we do not put American citizens in different categories in terms of the permissibility of excessive force. The fact that someone has previously had trouble with the law does not grant the police a license to do whatever they like. The same laws and protections against the use of excessive force extend to all Americans. That principle is threatened where an officer of the government is permitted to effectively evade the consequences of their use of force simply by attacking a citizen's character.

Respectfully submitted,

DOWD & DOWD, P.C.

BY: /s/ William T. Dowd
     WILLIAM T. DOWD (#39648MO)
     ALEX R. LUMAGHI (#56569MO)
     KEVIN LANE (#66027MO)
     211 North Broadway, Suite 40650
     St. Louis, Missouri 63102
     314/621-2500
     Fax, 314/621-2503
     bill@dowdlaw.net

and

/s/Mark L. Floyd
MARK L FLOYD
THE FLOYD LAW FIRM, P.C.
8151 Clayton Rd., Suite 202
St. Louis, Missouri 63117
314/863-4114
Fax, 314/863-4150
mark@thefloydlawfirm.com

*Attorneys for Plaintiffs Tina Moore and Estate of Jason Moore*

and

/s/Todd M. Johnson
TODD M. JOHNSON (48824MO)
Votava Nantz & Johnson, LLC
9237 Ward Parkway, Suite 240
Kansas City, MO 64114
816/895-8800
Fax, 816/895/8801
tjohnson@vnjlaw.com
*Attorney for Plaintiffs
Delores Moore and Renee Rogers,
As Next Friend of A.D.R., a Minor*

8

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that a copy of the above pleading was served via the Court's electronic filing system this 30th day of October, 2016 to all counsel of record.

                                        /s/William T. Dowd_____