UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TINA MOORE, individually and as Personal Representative of the ESTATE OF JASON MOORE, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 4:14-cv-1443 SNLJ No. 4:14-cv-1447 SNLJ |
| vs. | ) ) | CONSOLIDATED |
| CITY OF FERGUSON, MISSOURI, et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM

This matter is before the Court on the parties' dispute regarding the Judgment to be entered in this case following a jury verdict.

### I. Attorneys' Fees

Plaintiffs seek a reasonable award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b) and 42 U.S.C. § 1983. They request leave to file a petition for fees and their bill of costs. Defendants counter that they will file a Motion for New Trial and Renewed Motion for Judgment of Acquittal in which they will argue that plaintiffs are not the prevailing party. Defendants also state that "plaintiffs have made no showing their request for fees is reasonable."

In the interest of efficiency, plaintiffs shall be directed to file their Petition for Attorneys' Fees and Bill of Costs after the defendant's Motion for New Trial and Renewed Motion for Judgment of Acquittal has been ruled upon.

## II. Prejudgment Interest

The Eighth Circuit held that state law should be applied when determining whether prejudgment interest is appropriate in a § 1983 case. *Winter v. Cerro Gordo County Conservation Bd.*, 925 F.2d 1069, 1073 (8th Cir. 1991). Although the Eighth Circuit provided little analysis in so holding, this Court has acknowledged that it is bound by that decision. *H/N Planning & Control, Inc. v. City of St. Peters, Missouri*, 4:04CV01099 ERW, 2007 WL 1445121, at *6 (E.D. Mo. May 14, 2007), *rev'd and remanded on other grounds sub nom. Hodak v. City of St. Peters*, 535 F.3d 899 (8th Cir. 2008). Defendants contend that plaintiffs are not entitled to prejudgment interest because the damages were not reasonably ascertainable until the jury returned with its verdict. Plaintiffs contend that they are entitled to prove their entitlement to prejudgment interest pursuant to § 408.040 RSMo, which allows for computation of prejudgment interest in certain circumstances following a prejudgment demand. Indeed, the proposed judgment submitted by plaintiffs simply allows them to submit a Motion for Award of Prejudgment Interest within 21 days of entry of the judgment. The Court will allow plaintiffs to file such a motion; however, they should file it 21 days after the defendants' post-trial motions, discussed above, have been ruled upon.

## III. Post-judgment Interest

Finally, plaintiffs and defendants disagree regarding the interest rate to be applied to the judgment. This issue, too, is premature.

Judgment shall be entered in accordance with this Memorandum.

Dated this 29th day of November, 2016.

                                                   STEPHEN N. LIMBAUGH, JR.
                                                   UNITED STATES DISTRICT JUDGE