UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TINA MOORE, INDIVIDUALLY AND AS ) | |
| PERSONAL REPRESENTATIVE OF THE ) | |
| ESTATE OF JASON MOORE, DELORES ) | |
| MOORE, AND RENEE RODGERS, AS ) | |
| NEXT FRIEND FOR A.D.R., A MINOR, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No.:   4:14-CV-1443 SNLJ |
| ) | 4:14-CV-1447 SNLJ |
| BRIAN KAMINSKI AND CITY OF ) | (Consolidated) |
| FERGUSON, MISSOURI, ) | |
| ) | |
| Defendants. ) | |

## *DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR NEW TRIAL*

COME NOW Defendants, Officer Brian Kaminski and the City of Ferguson, by and through their attorneys, pursuant to Federal Rule of Civil Procedure 59(a)(1)(A), and for their Memorandum in Support of Their Motion for New Trial as to Counts I and II only, and state as follows:

## *INTRODUCTION*

A jury was impaneled to hear the evidence in this case on October 31, 2016 a verdict was reached on November 4, 2016. During trial, Plaintiffs voluntarily dismissed their claims against Thomas Jackson.  At the close of all evidence, Defendants moved for Judgment as a Matter of Law as to the claims remaining against Defendants Brian Kaminski and the City of Ferguson. Defendants submitted a written motion (Doc. No. 155) and memorandum (Doc. No. 156), and oral argument was heard by this Court. Defendants' Motion was denied and the jury returned a

verdict against Officer Kaminski for excessive force on Count I and against the City of Ferguson for municipal liability on Count II. The jury returned a verdict in favor of Officer Kaminski on Count III pertaining to wrongful death.

Defendants maintain they are entitled to judgment as a matter of law on Counts I and II. See Doc. No. 155–156 and Doc. No. 187-188. However, and in the alternative, Defendants request a new trial because the verdict was against the weight of the evidence and based on legal errors which resulted in a miscarriage of justice causing prejudicial error.

## STANDARD OF REVIEW

The Eighth Circuit has stated:

> "The authority to grant a new trial is within the discretion of the district court. *Citizens Bank of Batesville, Ark. v. Ford Motor Co*., 16 F.3d 965, 967 (8th Cir.1994). Federal Rule of Civil Procedure 59 confirms the trial court's historic power to grant a new trial based on its appraisal of the fairness of the trial and the reliability of the jury's verdict. *Smith v. Transworld Drilling Co*., 773 F.2d 610, 612 (5th Cir.1985). A new trial is appropriate when the first trial, through a verdict against the weight of the evidence, an excessive damage award, or legal errors at trial, resulted in a miscarriage of justice. *See White v. Pence*, 961 F.2d 776, 780 (8th Cir.1992); *Fireman's Fund Ins. Co. v. Aalco Wrecking Co*., 466 F.2d 179, 187 (8th Cir.1972), cert. denied, 410 U.S. 930, 93 S.Ct. 1371, 35 L.Ed.2d 592 (1973). We review the trial court's denial of a new trial under an abuse of discretion standard. *Citizens Bank*, 16 F.3d at 967."

*Gray v. Bicknell*, 86 F.3d 1472, 1480 (8th Cir. 1996)

Further, to constitute a miscarriage of justice, the movant must show there was prejudicial error. *Buchholz v. Rockwell Int'l Corp*., 120 F.3d 146, 148 (8th Cir.1997). When seeking a new trial based on errors in jury instructions, the movant must show the error likely affected the jury's verdict. *Sherman v. Winco Fireworks, Inc*., 532 F.3d 709, 720 (8th Cir.2008). "In determining whether a verdict is against the weight of the evidence, the trial court can rely on

2

its own reading of the evidence—it can '**weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict**.' " *Harris v. Sec'y U.S. Dept. of the Army*, 119 F.3d 1313, 1318 (8th Cir.1997) (quoting *White v. Pence*, 961 F.2d 776, 780 (8th Cir.1992)) (emphasis added).

# *ARGUMENT*

## I.      The verdict on Count I and Count II is against the greater weight of the evidence

After hearing the evidence, the jury returned a verdict against Officer Kaminski for excessive force and against the City of Ferguson for Municipal Liability. For the reasons explained below, the verdict on these counts is against the greater weight of the evidence.

### A.      *The use of force was reasonable and not excessive under the circumstances*

Plaintiffs failed to present evidence Officer Kaminski's use of force was excessive under the circumstances. Further, the evidence showed the Decedent had violently charged the Officer Kaminski only seconds prior to the initial Tasing. The evidence showed Officer Kaminski was unable to detain the Decedent, Mr. Moore, until the final TASER application, based on the Decedent's continued attempts to get off the ground. *See De Boise v. TASER Intern., Inc.,* 760 F.3d 892, 897 (8th Cir. 2014). (holding in 2014 it was legally unsettled ""whether a violent subject, acting aggressively toward officers, has a clearly established right to be free from multiple Tasings."*); Smalls v. Binner*, No. 4:15-CV-00017, 2016 WL 1305201, at *13 (W.D. Va. 2016) (appeal pending) (granting qualified immunity in part where officers encountered an aggressive, non-compliant subject displaying erratic behavior and Tased him three times in rapid succession for attempting to rise off the ground while noting the subject's most salient offense was not very serious"). Therefore, the evidence shows the force used was reasonably necessary

to detain the decedent. The evidence is against the greater weight of the evidence and Defendants' should be granted a new trial on Count I.

1.   <u>The evidence at trial was undisputed the Decedent was violent</u>

At trial, the jury heard evidence the Decedent had been seen in and out of traffic, banging on vehicles as they drove by, prompting calls to law enforcement. The jury heard from Alan Schilling, an uninterested witness who lived in the area. Mr. Schilling testified he observed the Decedent, who was nude and shouting, to be angry and agitated while in the middle of the street. Mr. Schilling observed the Decedent shortly before his encounter with Officer Kaminski. The evidence was undisputed that Mr. Moore initially complied with Officer Kaminski's commands to walk away from the sidewalk next to the street, but began charging violently toward the officer with his arms swinging. No evidence was presented to contradict this behavior, and no evidence was presented to explain why the Decedent was behaving erratically and violently on the day of the incident.

2.   <u>The evidence at trial was undisputed the Decedent continued attempts to get off the ground after being Tased</u>

At trial, Officer Kaminski testified he used his TASER after instructing the Decedent several times to stop and get on the ground, while the Decedent was aggressively charging. Officer Kaminski testified he used his TASER several more times because the Decedent continued to attempt to get up off the ground. It was reasonable for Officer Kaminski to believe the Decedent, who was nude, erratic, and had just aggressively charged him, was attempting to continue the assault or flee by resisting the TASER applications. Officer White, who responded during the second-to-last TASER application, confirmed he saw the Decedent attempting to rise

4

off the ground. Officer White testified he heard Officer Kaminski yelling "stay on the ground" to the Decedent once he arrived on scene.

3.     <u>The evidence at trial was undisputed Officer Kaminski did not use any force once the Decedent was restrained.</u>

At trial, Plaintiffs presented no evidence Officer Kaminski used any force once the Decedent was handcuffed and restrained. Because of the Decedent's continued attempts to rise off the ground, the Decedent was not able to be handcuffed until Officer White arrived. The testimony at trial was clear that Officer White handcuffed the Decedent once he exited his vehicle. The evidence at trial showed the force used was necessary to detain the Decedent, and there was no delay in restraining the Decedent once the officers were able to do so. The trial testimony demonstrated the emergency aid was called to respond both during the incident and immediately afterward. The evidence at trial showed the use of force was necessary to detain and restrain the Decedent and not excessive.

Because the use of force was not excessive, no constitutional violation occurred. In addition and in the alternative, the law was not clearly established that a violent, resisting subject like the Decedent had a clearly established right to be free from multiple Tasings. Because the law was not clearly established and no underlying constitutional violation occurred, the verdict against the City of Ferguson cannot stand. Accordingly, the jury verdict against Officer Kaminski is against the greater weight of the evidence and Defendants are entitled to a new trial on Count I and Count II.

A.     *The evidence failed to show the existence of a continuing, widespread, and persistent pattern of excessive force in the City of Ferguson.*

5

The jury's verdict against the City of Ferguson is also against the greater weight of the evidence for several reasons. First, as discussed *supra*, there was no evidence Officer Kaminski used excessive force under the circumstance. As a result, there was no underlying constitutional violation. Second, there was no evidence regarding the existence of a continuing, widespread, and persistent pattern of excessive force in the City of Ferguson. Plaintiffs presented no evidence of any prior complaints made by citizens against any Ferguson Police Officer, including Officer Kaminski. Plaintiffs presented no evidence to rise to the level of a widespread and persistent pattern. *See Mettler v. Whitledge*, 165 F.3d 1197, 1201, 1204 (8th Cir. 1998). Plaintiffs only presented evidence of four prior TASER incidents which occurred prior to the Decedent's death, and during the same year of the subject incident.

The evidence presented were summaries of force incidents appearing in the Department of Justice Report, presumably based on Use of Force Reports created by the City of Ferguson. The summaries consisted of only a few sentences. Plaintiffs presented no evidence the summaries were based on citizens' complaints. Plaintiffs presented no evidence the authors of the Department of Justice interviewed the officers or subjects involved. Defendants presented evidence the officers involved in the incident involving the Decedent were *not* interviewed by the Department of Justice regarding the subject incident. Therefore, Plaintiffs failed to show detailed evidence of a widespread practice or custom regarding excessive force.

Third, Plaintiffs presented no evidence the City of Ferguson had notice of the alleged custom or practice and was deliberately indifferent. *Bd. of County Comm'rs of Bryan County, Oklahoma*, 520 U.S. 397, 410 (1997). Again, Plaintiffs presented no evidence the summaries of the other TASER incidents constituted excessive force, or were the subject of a complaint or faulty investigation. Plaintiffs also presented no evidence Officer Kaminski was even aware of

6

the other Tasing incidents and Plaintiffs did not identify Officer Kaminski as being personally involved in the incidents.[1] Plaintiffs attempted to show causation by also relying on evidence of the post-investigation efforts made by the City of Ferguson regarding the subject incident. Defendants objected to the introduction of this evidence (a more thorough examination of this evidentiary ruling is further below) given it occurred after the subject incident. Plaintiffs presented no evidence, direct or circumstantial, that the post-incident investigation could have motivated Officer Kaminski's use of force in the underlying incident. Further, even assuming, arguendo, the post-incident investigation was inadequate, Plaintiffs did not present any other evidence of other inadequate investigations or alleged excessive force incidents. Simply put, this single alleged inadequate post-incident investigation is not the type of detailed evidence required to show municipal liability.

As such, no evidence existed to show that the alleged custom or practice motivated Officer Kaminski's conduct in the subject incident. *Id*. at 404.  Accordingly, the jury's verdict against the City of Ferguson was against the greater weight of the evidence and Defendants are entitled to a new trial on Count II.

**II.    The Court erred in making certain legal determinations which lead to prejudicial error against the Defendants on Count I and Count II.**

*A.   The Court erred in not bifurcating trial.*

Prior to the start of trial, Defendants' filed a Motion to Bifurcate and Memorandum in Support (Doc. No. 110–111), requesting the bifurcation of the claims against Officer Kaminski

---

[1] During trial, the Court noted its belief that because Officer Kaminski was a TASER instructor, it would "unimaginable that he would not have been aware" of TASER incidents mentioned in the Exhibit 11D Department of Justice Report. However Plaintiffs did not elicit testimony that could lead to a reasonable inference that just because he taught a TASER course to officers, he would be privy to all Tasing incidents which occurred within the department. Plaintiffs elicited no testimony and presented no evidence Officer Kaminski was aware of any other Tasing incidents at all.

from the municipal liability claims. Defendants requested this relief pursuant to Federal Rule of Civil Procedure 42(b) which permits district court to order a separate trial of one or more separate issues in the interest of convenience, to avoid prejudice, or to expedite and economize. Defendants only needed to satisfy one of these criteria to merit bifurcation. *Berry v. Deloney*, 28 F.3d 604, 610 (7th Cir. 1994).[2] The Court denied Defendants' Motion and allowed all claims to be tried together. *See* Doc. No. 115.

In the Motion and Memorandum, Defendants argued a risk of unfair prejudice to Officer Kaminski if jurors erroneously considered previous TASER incidents and other *Monell* evidence in assessing whether the use of force against the Decedent was reasonable. *See, e.g., Wilson v. Morgan*, 477 F.3d 326, 340 (6th Cir. 2007). (bifurcating the trial was reasonable "in the interests of judicial economy and avoiding possible juror confusion). *Myatt v. City of Chicago*, 816 F. Supp. 1259, 1264 n. 8 (N.D. Ill. 1992) (commenting on the danger of tainting the mind of the trier of fact with evidence relating to practices of a city while also considering the liability of the individual involved); *See also Jones v. City of Chicago*, No. 98 C 5418, 1999 U.S. Dist. LEXIS 3358, at * 9 (N.D. Ill. March 10, 1999) (allowing bifurcation and noting that "the introduction of *Monell* evidence would severely prejudice the individual officers."). *Wells v. City of Dayton*, 495 F. Supp. 2d 793 (S.D. Ohio 2006) (court bifurcated claims to prevent unfair prejudice to officer defendants from evidence relevant only to municipal liability). *See also Brunson v. City of Dayton*, 163 F. Supp. 2d 919 (S.D. Ohio 2001) (court bifurcated based on the fact that evidence of "other acts" of police misconduct would be prejudicial to individual officer defendants).

---

[2] In their Motion, Defendants argued convenience and expedience, in addition to unfair prejudice. For the purposes of this Motion for New Trial, Defendants contend only that the denial of the Motion to Bifurcate was error in that it resulted in prejudice to Officer Kaminski.

During trial, the jury heard evidence regarding other TASER incidents which occurred during the same time period but did not involve Officer Kaminski. The jury also heard evidence regarding a subsequent investigation by the Ferguson Police Department of the subject incident. This evidence was irrelevant to whether or not Officer Kaminski's use of force was reasonable or excessive. Plaintiffs did not present any evidence Officer Kaminski was aware of the other incidents, but were nevertheless permitted to argue Officer Kaminski was motivated by such incidents. The evidence was prejudicial, in that Plaintiffs presented the evidence to show a pattern or custom of excessive force amongst all officers at the City of Ferguson. The evidence was also prejudicial in that it allowed the jury's mind to be tainted by implicating alleged practices or customs of the City against Officer Kaminski as an individual. As a result, the denial of the Motion to Bifurcate resulted in a miscarriage of justice, in that it caused prejudicial error to the claim against Officer Kaminski. Accordingly, Defendants are entitled to a new trial on Count I and Count II.

> B.     *The Court erred in allowing evidence of subsequent incidents and investigation.*

Defendants' initially moved in limine to exclude any evidence or testimony regarding an alleged investigation by members of the Ferguson Police Department regarding the subject incident which occurred subsequent to the incident. *See* Doc. No. 118, ¶ 16. Specifically, Defendants requested the Court bar evidence or testimony including "any testimony or evidence regarding an investigation by Officer Kaminski's supervisors into the subject incident." *Id*. Defendants argued this testimony and evidence is irrelevant and serves no purpose, because subsequent conduct cannot usually be used to establish municipal liability. *Mettler v. Whitledge*, 165 F.3d 1197, 1205 (8th Cir. 1999) (finding even if an insufficient investigation of alleged misconduct occurred, such subsequent action "could not have caused [the officers] to use

9

excessive force"); *see also Calusinski v. Kruger*, 24 F.3d 931, 936 (7th Cir. 1994) (noting "subsequent conduct usually cannot be used to establish municipal liability"). Subsequent conduct is irrelevant, because for municipal liability, a plaintiff must show the custom lead to the constitutional violation. *Mettler*, 165 F.3d 1197 at 1204 (quoting *Jane Doe A v. Special Sch. Dist.*, 901 F.2d 642, 645 (8th Cir.1990)). The Court overruled Defendants' Motion in Limine and objections and allowed the jury to hear this evidence.

At trial, the jury heard evidence from several witnesses, including former Ferguson Captain Richard Henke (by way of video deposition testimony), Lt. William Ballard and Former Ferguson Chief Thomas Jackson regarding the investigation into the incident involving the Decedent. This evidence was prejudicial in that Plaintiffs' argued the investigation was insufficient and that was the motivating factor behind Officer Kaminski's conduct. Plaintiffs further argued the single alleged inadequate investigation of the Decedent's death was evidence of a widespread custom or practice of deliberate indifference to alleged excessive force by Ferguson officers. Based on the cases discussed above, the single alleged inadequate subsequent investigation is not competent evidence of a widespread custom or practice, because it is a single occurrence and not detailed evidence and because the custom or practice must be the motivating force behind Officer Kaminski's actions. Because the alleged inadequate investigation took place after the use of force incident, it cannot have motivated Officer Kaminski's actions.

As a result, the admission of this evidence was miscarriage of justice causing prejudice for two reasons. First, it prejudiced Officer Kaminski by allowing the jury to implicate the alleged inadequate actions of his supervisors and consider it when determining whether his use of force was reasonable during the subject incident. Second, it prejudiced the City of Ferguson by allowing the jury to consider evidence which took place after the subject incident in

determining whether it could have motivated the forced used by Officer Kaminski. Accordingly, Defendants are entitled to a new trial on both Count I and Count II.

C.     *The Court erred in allowing the excerpted Department of Justice Report, Exhibit 11D*

Defendants' initially moved in limine to exclude all of the Department of Justice Report regarding the City of Ferguson. *See* Doc. No. 118, ¶ 6 and Doc. No. 119. The Court overruled the Motion in Limine in part and allowed Plaintiffs to read into the record Exhibit 11D containing excerpted portions of the report. Defendants' objected to excerpts which included summaries of force incidents. In particular, Defendants argued the summaries were unreliable, in that they contained no citations to the documents referenced, whether they were based on interviews of the subjects or officers and provided little detail. Defendants also argued the summaries were irrelevant, in that they were not the basis of citizens' complaints and no evidence was elicited to show the incidents were not adequately investigated.

Defendants' further objected to conclusions scattered through exhibit 11D, some of which constituted legal conclusions. For instance, the jury heard that the Ferguson Police Department had a "pattern of excessive force including ECWS in a manner that is unconstitutional, abusive, and unsafe," that officers react by using "greater force than necessary," that officers "apply excessive force to subjects." These conclusions constitute legal conclusions which prejudiced both Officer Kaminski and the City of Ferguson. *See Schmidt v. City of Bella Villa*, 557 F.3d 564, 570 (8th Cir. 2009) (finding that an opinion regarding the reasonableness of an officer's conduct in light of Fourth Amendment standards is a legal conclusion and not a fact-based opinion that assists the jury); *See also Peterson v. City of Plymouth*, 60 F.3d 469, 475 (8th Cir. 1995). These legal conclusions lead to the jury to believe the other use of force incidents

11

were excessive and unreasonable, despite Plaintiffs putting forth no evidence the incidents were inadequately investigated, lead to citizen's complaints or constituted officer misconduct.

Further, the conclusions were based on the review of other force incidents which took place after the incident involving the Decedent. Even assuming, *arguendo*, the conclusions were not legal, they were based in part on incident which took place *after* the subject incident. As such, those conclusions would not be relevant in determining whether Officer Kaminski's use of force was reasonable and whether he was motivated by an alleged *pre-existing* custom or practice. Accordingly, the admission of this exhibit and it being read into the record was error, resulting in a miscarriage of justice due to prejudice, entitling the Defendants to a new trial on Count I and Count II.

>    D.    The Court erred in admitting exhibit 20.

Defendants' initially moved in limine to exclude this exhibit, which contains TASER training materials.[3] *See* Doc. No. 118. First, Defendants, argued the exhibit, which pertains to TASER training, were irrelevant given Plaintiffs' claim for failure to train had been dismissed by the Court. Further, the Defendants argued the document constitutes inadmissible hearsay. The Defendants also argued the prejudicial effect of the highly sophisticated medical information, citations to legal authority and legal conclusions through the exhibits.

At trial, the exhibits were admitted over Defendants' objection and later withdrawn by Plaintiffs. The jury heard however evidence regarding the placement of the TASER prongs and recommended number of TASER applications. The evidence was highly prejudicial, in that

---

[3] In their objections to Plaintiffs' Proposed Exhibits, Defendants also objected to Exhibits 19 and 21. These objections were overruled during pre-trial deliberations. Plaintiffs were allowed to admit exhibits 19, 20 and 21 and exhibit 20 was published at trial during the testimony of Dr. Cuculich. After Dr. Cuculich's testimony and before the close of evidence, Plaintiffs were permitted to withdraw all three exhibits. Because exhibits 19 and 21 were not published to the jury and later withdrawn, Defendants do not believe their initial admission resulted in prejudice. Defendants maintain however their objections to the admission of exhibits 19 and 21, especially as they are related to improper admission and publication of exhibit 20.

statements were hearsay, and Plaintiffs laid no foundation to show the drafters of the TASER documents had any medical knowledge generally or specifically in regard to the Decedent's medical state. Further, Exhibit 20 was published during the testimony of Dr. Cuculich, and portions of it were read by Dr. Cuculich during his testimony. Dr. Cuculich read different portions of exhibit 20 pertaining to medical information and studies and also the appropriate number of TASER exposures. Dr. Cuculich read several warnings displayed in exhibit 20, which lacked foundation and were highly prejudicial. The warnings were contained in a black box on the exhibit and Dr. Cuculich referred to the warnings as "black box warnings." These warnings and other information contained with Exhibit 20 were irrelevant and prejudicial to Officer Kaminski. It's clear the jury was improperly influenced by Exhibit 20 and the portions read by Dr. Cuculich because they requested the black box warnings during deliberations. *See* Doc. No. 161.

The introduction of this exhibit into evidence was error even though they were later withdrawn, because Plaintiffs were still permitted to question about the exhibit, publish it and read portions into the record. The exhibit constituted irrelevant and unreliable hearsay evidence, confused the jury regarding the issues and improperly injected legal conclusions and complex medical information. The exhibits did not assist the jury in deciding any issue in the case.  As a result, Officer Kaminski was prejudiced, and is entitled to a new trial on Count I.

E.       *The court erred in admitting exhibits 18 and 36.*

Defendants initially objected to these exhibits in written form in their Objections to Plaintiffs' Proposed Exhibits. Doc. No. 124. Exhibits 18 and 36 constitute TASER download data pertaining to the TASER used in the incident involving the Decedent. Defendants objected to the authenticity and the foundation of the documents. Specifically, Defendants argued

13

Plaintiffs', as the proponent of the exhibits, must produce evidence sufficient to support a finding that the item is what they claim it is. *See U.S. v. Young*, 753 F.3d 757, 773 (8th Cir. 2014); F.R.E. 901. Plaintiffs did not establish the documents were authentic before they were admitted into evidence. The Fourth Circuit has explained where machines generate data, such as the exhibits 18 and 36 purport, the proper analysis for its reliability is through the process of authentication. *U.S. v. Washington*, 498 F.3d 225, 231 (4th Cir. 2007). The Washington Court stated:

> Any concerns about the reliability of such machine-generated information is addressed through the process of authentication not by hearsay or Confrontation Clause analysis. When information provided by machines is mainly a product of ―mechanical measurement or manipulation of data by well-accepted scientific or mathematical techniques,‖ 4 Mueller & Kirkpatrick, supra § 380, at 65, reliability concerns are addressed by requiring the proponent to show that the machine and its functions are reliable, that it was correctly adjusted or calibrated, and that the data (in this case, the blood) put into the machine was accurate (i.e., that the blood put into the machine was the defendant's). In other words, a foundation must be established for the information through authentication, which Federal Rule of Evidence 901(b)(9) allows such proof to be authenticated by evidence ―describing [the] process or system used to produce [the] result‖ and showing it ―produces an accurate result.‖ But none of these concerns were issues below, nor are they issues in this appeal.

> Washington, 498 F.3d at 231.

Plaintiff did not establish by admissible evidence that the information contained in exhibits 18 and 36 accurately reflect what they purport to be—i.e. the sequence, the time, the duration, the temperature, the battery, and that the printout reflects the subject TASER. Plaintiffs did not provide evidence showing the internal clock of the purported TASER device, for example, tracked one second in real time for one second in recorded time (temporal calibration). Plaintiffs have relied heavily upon these documents at trial. In particular, Plaintiffs argued the

14

intervals shown on these exhibits controverted the actions of the Decedent as explained by Officer Kaminski.

The exhibits were not reliable, and their admission into evidence over Defendants' objection, and consideration by the jury prejudiced Officer Kaminski, entitling him to a new trial on Count I.

       *F.*      *The Court erred in admitting exhibit 48.*

Defendants initially objected to this exhibit in written form in their Objections to Plaintiffs' Proposed Exhibits. Doc. No. 124. Exhibit 48 constitutes a TASER Use of Force Report maintained by the City of Ferguson. It is a standard form used by the City of Ferguson officers to document all force incidents. Officer Kaminski was not involved in any of the incidents described in the forms. The information in the form did not identify it was a part of a citizen's complaint, and Plaintiffs' did not show the information contained in the form constituted excessive force under the circumstances. As a result, the exhibit simply detailed another force incident, not related to the incident involving the Decedent. The exhibits prejudiced both Officer Kaminski and the City of Ferguson, in that they allowed the jury to consider another force incident which were not the basis of any complaints, and unduly confused the issues to be decided by the jury because they were not relevant. The exhibit had no probative value to establish any custom on behalf of the City of Ferguson as the moving force behind any constitutional violation in this matter. Fed. R. Evid. 401, 402. Accordingly, the Defendants are entitled to a new trial on Count I and Count II.

WHEREFORE, Defendants request the Court, pursuant to Federal Rule of Civil Procedure 59(a)(1)(A), set aside the jury verdict and judgment entered in this matter with respect

to Count I and Count II only and grant them a New Trial on Count I and Count II, and for such other and further relief as the Court deems proper.

/s/ Peter J. Dunne

Peter J. Dunne   #31482
Robert T. Plunkert  #62064
Michael A. Langella #67258
Ida S. Shafaie  #66220
PITZER SNODGRASS, P.C.
Attorneys for Defendants
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)

I hereby certify that a copy of the foregoing was filed electronically with the Clerk of the Court this 27th day of December, 2016 to be served either by operation of the Court's electronic filing system, or by First Class Mail, upon the following:

William T. Dowd
Alex R. Lumaghi
211 North Broadway, Suite 4050
St. Louis, Missouri 63102
Bill@dowdlaw.net

Mark Floyd
8151 Clayton Road, Suite 202
St. Louis, Missouri 63117
mark@thefloydlawfirm.com

*Attorneys for Plaintiffs Tina Moore and Estate of Jason Moore*

Mr. Ronald A. Norwood
Mr. Apollo D. Carey
Lewis Rice LLC
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
rnorwood@lewisrice.com
acarey@lewisrice.com

*Attorney for Defendant City of Ferguson*

Todd M. Johnson
9237 Ward Parkway, Suite 240
Kansas City, Missouri 64114
tjohnson@vnjlaw.com

Michael D. Cerulo
231 S. Bemiston, Suite 230
St. Louis, Missouri 63105
mcerulo@batyholm.com

*Attorneys for Plaintiffs Delores Moore and Renee Rodgers, as Next Friend of A.D.R., a minor*

/s/ Peter J. Dunne

17