# CONFIDENTIAL SETTLEMENT AGREEMENT, SATISFACTION, AND RELEASE OF ALL CLAIMS

KNOW ALL PERSONS BY THESE PRESENTS, that *Tina Moore (individually and as personal representative of the estate of Jason Moore), Delores Moore, and Renee Rodgers (as next friend for Anthony Rice who was a minor during the pendency of this case), and Anthony Moore (referred to collectively herein as the "Releasors")* in consideration of the payment of the sum of *Three Million Dollars, ($3,000,000.00)* to the undersigned Releasors, a portion of which will be used to fund the structured settlement for Anthony Rice as more fully set forth in the attached Exhibit A, Structured Settlement Addendum, paid by or on behalf of the persons and entities hereby released, and for other good and valuable consideration as set out herein, the adequacy whereof is hereby acknowledged by Releasors, that the Releasors have released, acquitted, and discharged, and by these presents do release, acquit and forever discharge *the City of Ferguson, Missouri,* together with its past and present agents, employees, representatives, officials, and officers, (including but not limited to *Brian Kaminski, William Ballard, Matthew Bebe, Michael White, Thomas Jackson, James Knowles III, Mark Byrne, Kim Tihen, Dwyane James, Tim Larson, David Conway and Keith Kallstrom*) and their representatives, successors, and assigns, and any other person, firm, entity or corporation related to any released party or for whom any released party was acting in any way, and all other persons, firms, entities or corporations, whatsoever and whomsoever they may be *(referred to herein as the "Releasees")*, of and from any and all actions, causes of action, claims, demands and damages, whether or not now known or contemplated, of whatever name or nature, in any manner arisen or arising from the alleged events and occurrences of on or about September 7, 2011, as more fully described in the Complaint pending in the United States District Court, Eastern District of Missouri Cause 4:14-cv-01443-SNLJ, 4:14-CV-1447 SNLJ (consolidated).  . This general release hereby releases and forever discharges the Releasees, and their insurers, and any and all of their respective officials, officers, successors, predecessors, contractors, assigns, partners, agents, servants, employees, or representatives of each Releasee, whether named or unnamed in this Agreement, of and from any and all claims, rights, demands, costs, damages, losses, liabilities, actions, and causes of action, including all claims for attorneys' fees and court costs, of every nature and kind whatsoever, whether known or unknown, suspected or unsuspected, foreseen or unforeseen, accrued or not yet accrued, real or imaginary, actual or punitive, and whether arising at law or in equity, under the common law, state law, federal law, or any other law, including, but not limited to all claims which are identified above, as well as all claims that any Releasor may have or that existed at the time of the execution of this confidential settlement agreement and release.

It is further agreed and understood that each party shall bear the expense of their own attorneys, including their own attorney's fees, court costs, expert witness fees, and any other litigation expenses. Releasors further warrant and represent they consent to the judgment entered on the verdict in this matter being set aside. Releasors agree to file a Stipulation of Dismissal after the Court approves the settlement and the Plaintiffs file their Satisfaction of Judgment. The

{01814576.DOCX;1}

Plaintiffs also agree to Petition for and consent to the Judgment being set aside by the Court after the Satisfaction of Judgment is filed by Plaintiffs.

Releasees agree to cooperate in the funding of a structured settlement or other alternative payments related to the amounts allocated to Anthony Rice as set out in the Structured Settlement Addendum, attached as Exhibit A.

The Releasors warrant and represent that, having made a full and reasonable investigation; they are unaware of any liens held by any individual or entity against the sums to be paid and other consideration which is referred to herein. Releasors also aver that, after making a reasonable investigation, no other liens on the proceeds of this complaint are known by them to exist, including liens by other attorneys, hospitals, or physicians, as well as any entity representing Medicare, Medicaid, or other governmental agencies/entities, including but not limited to public aid or Social Security. The Releasors agree that they, and not the Releasees, are the persons responsible to pay all liens, bills or costs incurred by Jason Moore, by them, or on his or their behalf, and the Releasors further agree that they shall indemnify, defend and hold harmless all Releasees in the event that any lien is asserted or claimed against any Releasee or Jason Moore. Releasors agree and understand that this Release includes within it the payment of sums adequate to satisfy any and all bills, debts, liens and/or medical expenses, which have been incurred or which may in the future be asserted as a result of the incidents, losses, and claims referred to herein, including but not limited to medical liens and Medicare/Medicaid claims/liens.

The Releasors represent that any and all liens, medical liens, and/or claims arising from any medical expenses, if any, including liens by any health insurer, Medicare, Medicaid, and any other third parties incurred as a result of the alleged incidents made the basis of this complaint, if any exist, will be satisfied prior to distribution of any settlement proceeds to Releasors. Furthermore, Releasors, through counsel, will provide written assurances that any and all liens that do exist, if any, have been satisfied, if such written assurance is requested by any Releasee.

Releasors represent and warrant that Medicare has not made any conditional payments for medical services or products received by Jason Moore or by Releasors (pursuant to U.S.C. Sec. 1395y(b) and the corresponding regulations) and related to the accident(s), injury(ies), or illness(es) giving rise to this Settlement Agreement and Release. Further, Releasors represent and warrant that if any conditional payments related to the incident or injury allegedly incurred by Releasors and giving rise to this settlement are or have been made by Medicare, then within sixty (60) days of the execution of this Agreement, Releasors shall reimburse Medicare for such conditional payments as required by Medicare Secondary Payer law, including Medicare regulations at C.F.R. Sec. 411.24(g) and (h). The Releasors and Releasees agree that all representations and warranties made herein shall survive settlement and dismissal of the suit referred to herein.

While it is impossible to accurately predict the need for medical treatment, because Jason Moore is dead and because this settlement is based upon a good faith determination of the Releasors and Releasees in order to resolve a disputed claim. The Releasors and Releasees have attempted to resolve this matter in compliance with both state and federal law and it is believed that the settlement terms adequately consider and protect Medicare's interest and do not reflect any attempt to shift responsibility of treatment to Medicare pursuant to 42 U.S.C. Sec. 1395y(b).

The Releasors and Releasees acknowledge and understand that any present or future action or decision by CMS or Medicare on this settlement, or Releasors' eligibility or entitlement to Medicare or Medicare payments, will not render this release void or ineffective, or in any way affect the finality of this liability settlement."

The Releasors agree that the settlement shall be subject to complete confidentiality, by which the Releasors agree that the fact of this settlement, this Release Agreement and the amount, terms, and conditions of this settlement shall be and remain forever confidential. The Releasors agree that they shall never, either directly or indirectly, disclose or furnish any information regarding the amount, terms, and conditions of this settlement to anyone, other than as may be mutually agreed to in writing upon notice given to the other party, or by an Order of Court, or to the Releasors' attorneys, tax advisors, or government taxing authorities.  The Releasors agree, covenant, and promise that this confidentiality agreement shall remain in effect for all time and any disclosure in violation of this section shall be deemed a material breach of this Release Agreement, subject this settlement to complete rescission and that the consideration provided for herein is sufficient for this confidentiality agreement. Releasors may disclose that they resolved their claims and that the resolution is confidential. Releasors agree the obligations of this confidentiality clause extend to their attorneys as their agents.

It is expressly understood and agreed by the undersigned Releasors that the consideration specified in this Release is accepted as a full and complete compromise of the matters involving disputed issues, that neither the agreement between the parties expressed herein, nor the negotiations for this Release, including all statements, admissions or communications by the parties and their attorneys or representatives, are, are intended to be, or shall for any purpose be considered to be, any admission by any Releasee of any fault, liability or wrongdoing, all of which is expressly denied by the Releasees.

It is acknowledged that the payment and other consideration referred to aforesaid are in full satisfaction, extinguishment and bar of the complaints, claims and causes of action released herein, and that all agreements and understandings of the parties are fully and completely expressed herein.

Releasors warrant and represent that they have consulted with their attorneys regarding the purpose and effect of this Agreement and that Releasors have executed this Agreement fully aware of its intent and effect. Releasors further agree that this Agreement is entered into in good faith, and that the terms are reasonable. Releasors understand and agree that this Agreement embodies the entire agreement with respect to the subject matter contained in it. The Releasors declare and represent that no promise, inducement or agreement not contained and expressed in this Settlement Agreement, Satisfaction, and Release of All Claims have been made by any person or entity, and Releasors agree and acknowledge that the terms and conditions of this Agreement are contractual and not merely recitals.

Releasors warrant and represent that they have made no assignment of any of their claims either alleged in his lawsuit or of any unalleged claims that are based on the same facts, transactions or occurrences alleged in the lawsuit, or both, to any other persons, entities or parties.

Releasors warrant and represent they have investigated and contacted all potential takers to this settlement agreement in accordance with Missouri's Wrongful Death statute. Releasors hereby represent and warrant that John Phillip Moore, natural father to Jason Moore, is now deceased. Renee Rodgers hereby represents and warrants that Anthony Rice is no longer under the age of eighteen as of the date of the execution of this agreement.

RELEASORS STATE THAT THIS SETTLEMENT AGREEMENT AND RELEASE HAS BEEN READ BY THEM, IS FULLY UNDERSTOOD BY THEM AND, BY SIGNING BELOW, THEY AGREE TO BE BOUND BY ALL OF THE TERMS SET FORTH IN THE AGREEMENT.

IN WITNESS WHEREOF, we have hereunto set our hands and seal at _____, this _1st_ day of February, 2017.

_____
Tina Moore, individually and as personal representative of the estate of Jason Moore.

IN PRESENCE OF:

_____
_____
WITNESSES

_____
Delores Moore

IN PRESENCE OF:

_____
_____
WITNESSES

{01814576.DOCX;1}

*Renee Rodgers*

Renee Rodgers (as next friend of Anthony Rice)

IN PRESENCE OF:

*Melanie Bauer*

*Kristal Weber*

WITNESSES

*Anthony Rice*

Anthony Rice

IN PRESENCE OF:

*Melanie Bauer*

*Kristal Weber*

WITNESSES

{01814576.DOCX;1}

# EXHIBIT A

## STRUCTURED SETTLEMENT ADDENDUM

**1.0  Payments**

Included as part of the consideration of the release set forth above, the following periodic payments (the "Periodic Payments") shall be made:

**TO PAYEE:**   Anthony Rice

| | |
|---|---|
| $   25,000.00 | Lump Sum Payment on 12/05/2019 |
| $   25,000.00 | Lump Sum Payment on 12/05/2022 |
| $   50,000.00 | Lump Sum Payment on 12/05/2025 |
| $ 100,000.00 | Lump Sum Payment on 12/05/2028 |
| $ 100,000.00 | Lump Sum Payment on 12/05/2031 |
| $ 124,000.00 | Lump Sum Payment on 12/05/2033 |

All sums set forth herein constitute damages on account of personal physical injuries within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

**2.0  Rights to Payments**

Plaintiff acknowledges that the Periodic Payments cannot be accelerated, deferred, increased or decreased by the Plaintiff; nor shall the Plaintiff have the power to sell, mortgage, encumber, or anticipate the Periodic Payments, or any part thereof, by assignment or otherwise.

**3.0  Beneficiaries**

Any payments to be made after the death of any Payee pursuant to the terms of this Settlement Agreement shall be made to such person or entity as shall be designated in writing by Plaintiff to the Assignee (as defined herein).  If no person or entity is so designated by Plaintiff, or if the person designated is not living at the time of the Payee's death, such payments shall be made to the estate of the Payee.  No such designation, nor any revocation thereof, shall be effective unless it is in writing and delivered to the Assignee.  The designation must be in a form acceptable to the Assignee before such payments are made.

**4.0  Consent to Qualified Assignment**

4.1   Plaintiff acknowledges and agrees that the Defendant and/or the Insurer shall make a "qualified assignment", within the meaning of Section 130(c) of the Internal Revenue Code of 1986, as amended, of the Defendant's and/or the Insurer's liability to make the Periodic Payments set forth in Section 1 to **BHG Structured Settlements, Inc.** (hereinafter referred to as "Assignee").  The Assignee's obligation for payment of the

1

        Periodic Payments shall be no greater than that of Defendant and/or the Insurer (whether by judgment or agreement) immediately preceding the assignment of the Periodic Payments obligation.

4.2       Any such assignment, if made, shall be accepted by the Plaintiff without right of rejection and shall completely release and discharge the Defendant and the Insurer from the Periodic Payments obligation assigned to the Assignee.  The Plaintiff recognizes that, in the event of such an assignment, the Assignee shall be the sole obligor with respect to the Periodic Payments obligation, and that all other releases with respect to the Periodic Payments obligation that pertain to the liability of the Defendant and the Insurer shall thereupon become final, irrevocable and absolute.

**5.0**       **Right to Purchase an Annuity**

        The Defendant and/or the Insurer, itself or through its Assignee, reserve the right to fund the liability to make the Periodic Payments through the purchase of an annuity policy from **Berkshire Hathaway Life Insurance Company of Nebraska** (hereinafter referred to as "Annuity Issuer").  The Assignee shall be the sole owner of the annuity policy and shall have all rights of ownership.  The Assignee may have Annuity Issuer mail payments directly to the Payees.  The Plaintiff shall be responsible for maintaining a current mailing address for Payees with the Assignee.

**6.0**       **Discharge of Obligation**

        The obligation of the Assignee to make each Periodic Payment shall be discharged upon the mailing of a valid check in the amount of such payment to the designated address of the Payees named in Section 1 of this Settlement Agreement.