**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | | |
|---|---|---|---|
| **TINA MOORE et al.,** | ) | | |
| **Individually and as Personal Representative** | ) | | |
| **of the Estate of JASON MOORE,** | ) | | |
| | ) | | |
| **Plaintiffs,** | ) | **Case Nos.** | **4:14-CV-1443 SNLJ** |
| | ) | | **4:14-CV-1447 SNLJ** |
| **v.** | ) | | **(Consolidated)** |
| | ) | | |
| **CITY OF FERGUSON, et al.,** | ) | | |
| | ) | | |
| **Defendants.** | ) | | |

**[PROPOSED]  ORDER AND JUDGMENT**

The Court having before it Plaintiffs' Petition for Approval of Settlement with Defendant and related entities and being fully advised in the premises enters the following findings:

1.      Plaintiff Tina Moore is the surviving spouse of Decedent Jason Moore, Plaintiff Delores Moore is the mother of decedent Jason Moore and Plaintiff Anthony Rice is the son and only child of Decedent Jason Moore.  These are the only persons in the first class entitled to recover for the death of Jason Moore pursuant to §537.080 RSMo.

3.      Plaintiffs and Defendants have entered into a confidential agreement to settle Plaintiffs' claims against Defendants and former Defendants.  (Settlement Agreement and Release, Exhibit 1 to Petition to Approve Settlement.)

4.      The Settlement Agreement and Release reached between Plaintiffs and Defendants is just, fair, and reasonable under the circumstances.

5.      The settlement having been approved, the settlement funds will be allocated as agreed to by and between the Plaintiffs and distributed pursuant to the distribution requests in the

affidavits of Plaintiffs Tina Moore (Exhibit 2) Delores Moore (Exhibit 3) Renee Rodgers as Next

Friend for Plaintiff Anthony Rice (Exhibit 4); and Anthony Rice (Exhibit 5), as follows:

      a)     50% to Tina Moore – spouse of decedent;

      b)     35% to Anthony Rice – son of decedent; and

      c)     15% to Delores Moore – mother of decedent.

6.     The attorneys' fees and expenses related to recovery of the settlement funds are justified considering the result, the amount of and quality of work and the expertise of the Plaintiffs' attorneys.  The Court finds that the attorney's fees and expenses are appropriate, fair, and reasonable under the circumstances.

7.     A portion of the proceeds approved for allocation to Anthony Rice will be used to fund a structured settlement.

8.     There is no just cause why the settlement should not be kept confidential and there is no just cause why the Judgment on the verdict in this matter [Doc # 171] should not be set aside upon the filing of Plaintiffs' Satisfaction of Judgment.

IT IS HEREBY ORDERED that:

a.     The Settlement, as outlined in Exhibit 1 to the Petition for Approval of Settlement, and the Settlement Agreement and Release Exhibits 2 - 5, Affidavits of all Plaintiffs, is just fair and reasonable under the circumstances and is hereby approved;

b.     The attorneys' fees, expenses, and allocation of net proceeds, as sworn to in Plaintiffs' affidavits Exhibits 2 - 5, being just, fair, and reasonable under the circumstances and in the best interest of the parties, Plaintiffs are to deduct and pay

the expenses incurred for the recovery and collection of the settlement proceeds and

the attorney's fees as sworn to in Exhibits 2 - 5, the Affidavits of all Plaintiffs;

c.    Plaintiffs are to file their Satisfaction of Judgment within three (3) days of the

settlement funds clearing Plaintiffs' Counsels' respective trust fund accounts and

funding of Anthony Rice's structured settlement;

d.    The net settlement proceeds are to be allocated and distributed in the following

percentages:

    i)      50% to Tina Moore – spouse of decedent;

    ii)     35% to Anthony Rice – son of decedent and as directed for purposes of a

        structured settlement for his benefit; and

    iii)    15% to Delores Moore – mother of decedent.

e.    Upon the filing by the Plaintiffs of the Satisfaction of Judgment, the Court will

enter its order setting aside the Judgment entered by the Court on November 29,

2016 [Doc # 171]; and

f.    Exhibits 1 – 5 are ordered filed under seal and shall remain under seal absent further

order of this Court.

Dated this ___ day of February, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE